MOSES CONDIT

v.

JAMES F. WILSON et al.

1. A mere vague, general statement by a mortgagor to his creditor, before suit brought, that his property was mortgaged for all it was worth, is not notice of an unregistered or unrecorded mortgage on his land.

2. Notice of an unregistered or unrecorded mortgage on lands at the time of selling the lands under a judgment, is invalid if the creditor had not notice when he recovered his judgment.

3. The statute (*Rev. p. 706*) provides that an unregistered or unrecorded mortgage shall be void and of no effect against a subsequent judgment creditor, •or *bona fide* purchaser or mortgagee, for a valuable consideration, without notice.—*Held*, that the phrase "for a valuable consideration" applies only to purchasers or mortgagees, and therefore a judgment creditor who buys the

Condit v. Wilson.

debtor's land at an execution sale under his judgment, and credits the price on his judgment, holds the land free from a prior unregistered or unrecorded mortgage thereon of which he had no notice, and such mortgagee has no right to redeem.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. A. P. Condit,* for complainant.

*Mr. J. W. Field,* for defendants Dunning and Hardin.

THE CHANCELLOR.

The bill is filed for the foreclosure and sale of mortgaged premises. The mortgage is for $2,000 and interest; is upon land in the city of Orange; was given to the complainant by James F. Wilson and wife; is dated January 1st, 1870, but was not registered until October 17th, 1878, nearly nine years afterwards. The defendants Edgar A. Dunning and Alfred Hardin recovered a judgment for $422.06 against Wilson in the Essex county circuit court, December 5th, 1876. Under an execution issued on it March 11th, 1878, the sheriff of that county sold the property to Dunning in June following. The complainant, by his bill, alleges that Dunning and Hardin, when they recovered their judgment, and at the time of the sheriff's sale, had notice of his mortgage; and prays that it may be decreed that any estate, right, title, or interest, which may have

NOTE.—It has been held that a notice of prior unrecorded liens at the time of sale would not affect a judgment creditor purchasing under his own judgment, and crediting his bid on his judgment, if he had no notice thereof when his judgment was recovered. *Fash* v. *Ravesees, 32 Ala. 451; Gower* v. *Doheney, 33 Iowa 36; Wood* v. *Chapin, 13 N. Y. 509; Wallace* v. *Campbell, 54 Tex. 87; Humphrey* v. *Copeland, 54 Ga. 543; Hulings* v. *Guthrie, 4 Pa. St. 123; Uhler* v. *Hutchinson, 23 Pa. St. 110;* but, generally speaking, such purchaser is not considered a *bona fide* purchaser, since he parts with no new consideration, *Freeman on Ex. § 336; Freeman on Judg. § 366; Herman on Ex. § 328; Rorer on Jud. Sales § 170; 2 White & Tud. Lead. Cas. (4th ed.) 94–99; 1 Jones on Mort. §§ 460–463;* see, also, *Garwood* v. *Garwood, 4 Hal. 193; Herbert* v. *Mechanics Assn., 2 C. E. Gr. 497; Uhler* v. *Semple, 5 C. E. Gr. 288, 293; 2 Pomeroy's Eq. Jur. § 724.*—REP.

vested in Dunning, either individually or as trustee for himself
and Hardin, by virtue of the sheriff's sale, is subject to the com-
plainant's mortgage, and that the mortgage, notwithstanding the
sale, remains a subsisting lien on the property prior to the sale
and judgment, or that Dunning may be decreed to release to the
complainant his title to the property derived from the sale, on
payment of the expenses of the sale and the costs of the im-
provements put by him on the premises since the sale; or that
he may be decreed to so release and to assign the judgment on
payment to him of the amount of it, with the costs of the sale
and the cost of his improvements; and the bill also prays for
foreclosure and sale. Dunning and Hardin have answered sepa-
rately. By their answers they deny notice either at the time of
the recovery of the judgment or at the time of the sale, and
allege that Dunning bought the property wholly on his own
account.

To succeed in this suit it is necessary for the complainant to
prove notice to Dunning and Hardin, or one of them, at the
time of recovering their judgment. His mortgage was not on
record then, and indeed, it was not recorded until more than
three months after the sale under the judgment. If neither of
them had notice of the existence of the mortgage then (at the
time of recovering the judgment), the purchaser, Dunning, holds
the property clear of the mortgage. *Rutgers* v. *Kingsland, 3
Hal. Ch. 178; S. C. on Appeal, Id. 658; Holmes* v. *Stout, 2
Stock. 419; Coleman* v. *Barklew, 3 Dutch. 357; Sharp* v. *Shea,
5 Stew. Eq. 65.* If neither of them had notice of the existence
of the mortgage at the time of the recovery of the judgment, it
will make no difference that Dunning had notice at the time of
the sale. Nor does it alter the case that he is one of the plain-
tiffs in the judgment. There is no proof of notice to him or
Hardin before or at the time of the recovery of the judgment.
Wilson, indeed, swears that before the recovery of the judg-
ment he had a conversation with Hardin, in which he told him
that the property was " mortgaged for about all it was worth."
He does not fix the time of this conversation definitely. He says
it might have been in 1874 or 1875, and adds that he will not

Condit *v*. Wilson.

swear positively it was not in 1876. Both Dunning and Hardin, on the other hand, swear that when the judgment was recovered they did not know that Wilson owned the property, and that they did not know it until 1878. There is very great reason to believe that Wilson not only did not communicate the fact of his ownership of the property to Dunning or Hardin, or refer to it as being his, but successfully strove to mislead the former (who alone appears to have given attention to the business of collecting the judgment) as to the ownership, and induce him to believe that the property belonged not to him but to his wife. The burden of proving notice is, seeing that his mortgage was not recorded when the judgment was recovered, on the complainant. Taken by itself, and irrespective of Hardin's denial, the testimony of Wilson is not sufficient to prove notice. He testifies, as before stated, that he told Hardin that the property was mortgaged for about all it was worth; but he did not say to whom nor for how much it was mortgaged. Had Hardin gone to the records to inquire as to the truth of this statement, he would have found no mortgage at all on the property.

It is to be borne in mind that the conversation took place, as Wilson says, after one of his notes had gone to protest, and he says it was before they thought of suing him, so far as he knew. The mere vague statement of a debtor to his creditor, who is inquiring after the debtor's property with a view to compelling payment of his debt out of it, that his property, or any particular part of it, is mortgaged for all it is worth, is not notice of the existence of any particular mortgage. It is merely a statement that the debtor's property is encumbered to such an extent that the creditor cannot expect to realize anything for his debt out of it, if he should attempt to do so by legal proceedings, and that the encumbrance is in the form of a mortgage or mortgages. Naturally the creditor would, under such circumstances, betake himself to the records to ascertain whether the statement was true or not, and if he found no mortgage there, would conclude that it was false, and merely intended to mislead in order to protect the property. Under such circumstances, considering the antagonistic relation of the parties, the debtor and the cred-

itor, to each other, the latter owes no duty to the mortgagee or mortgagees to make inquiry of the debtor as to the particulars of the alleged encumbrances, and it is no fraud if he fails to do so. But, as before stated, Hardin denies that he received this notice. He swears that he did not know that Wilson owned the. property until 1878. The fact of notice is not established.

But the complainant insists that Dunning is not entitled to hold the property as against the complainant's mortgage, because he is not a *bona fide* purchaser for valuable consideration, and. that the complainant is at all events entitled to redeem the prop-- erty by payment of the money due on the execution under which it was sold, including sheriff's fees of the sale and the cost of the improvements put on the property by the purchaser. The statute provides that an unregistered or unrecorded mortgage shall be void and of no effect against a subsequent judgment creditor,. or *bona fide* purchaser, or mortgagee for a valuable consideration without notice (*Rev. p. 706*), and it is urged by complainant's counsel that inasmuch as the purchaser, being the judgment creditor, parted with nothing for the property, but the price was merely credited on his judgment, he is not to be regarded as a *bona fide* purchaser for a valuable consideration. The judgment creditor's title as against the mortgage is not affected by the fact that he parted with nothing as the price of the property. The qualifying words used in the statute, "for a valuable considera-- tion," manifestly have no reference to judgment creditors, but only to purchasers or mortgagees. The cases cited on this point are therefore none of them applicable to the case in hand.

Nor has the complainant the right to redeem. No question is. raised as to the validity of Dunning's title under the judgment,. except on the ground of notice. The statute declares that the unregistered or unrecorded mortgage is void and of no effect against. the judgment creditor not having notice of it. The purchaser at the sale under the judgment therefore takes title to the property clear of the encumbrance of the mortgage. And as before remarked, it makes no difference whether the purchaser is the judgment creditor or a stranger. The bill must be dismissed, with costs.