WILLIAM A. HUSTED et al., Respondents, *v.* DANIEL P. INGRAHAM, JR., Appellant.

Plaintiffs sold to the firm of J. E. M. & Co. carpets for a hotel, under an agreement that said firm should give its notes for the purchase-price secured by a chattel mortgage on the carpets. The carpets were delivered on and prior to October 29, 1869, notes were given for portions of the purchase-price during the delivery. On December 4, 1869, one of the said firm sold out her interest to P. a co-partner, and on the same day an action was commenced to wind up the partnership, in which action P. was appointed receiver December 8th. On the same day, after the appointmnet, plaintiff H. presented to M., one of said firm, a chattel mortgage drawn in the individual name of M., as mortgagor, to H. as mortgagee, and asked M. to execute it, which he did after inserting therein a statement that it was given for a debt of the firm of J. E. M. & Co., contracted with plaintiffs' firm for the purchase of the carpets described therein. By orders thereafter granted defendant was appointed receiver in place of P. and was directed to sell the co-partnership property. On the day of sale plaintiff attended and publicly demanded the carpets, but defendant sold them. In an action to recover damages for the alleged converson of the carpets, *held*, that the facts justified a finding that there was an absolute delivery of the goods, without insisting upon delivery of the chattel mortgage or otherwise making the delivery conditional; and that the title thereupon became

vested in J. E. M. & Co., and was so vested at the time of the appointment of the receiver; but that plaintiff had an equitable lien upon them, which was not affected by the omission to demand the mortgage at the time of delivery, or to make the delivery conditional; that the mortgage executed by M. was not in itself sufficient to create a legal lien, as it was not executed in the firm name, and as the firm was then dissolved, but taken in connection with the previous agreement and the recitals in the mortgage it appeared that it was given in attempted performance of the agreement, and plaintiffs' equitable lien was still preserved; that the present action however could not be maintained, as it was an action at law based upon the allegation that legal title to the property had never passed out of plaintiff, and no equitable relief was sought; also as no facts were alleged or found entitling plaintiffs to such relief, or to recover damages for depriving plaintiffs of their equitable lien, it not appearing that the property was sold in hostility to such lien, or that it was scattered or dissipated, or sold to *bona fide* purchasers having no notice of the lien.

*It seems,* that plaintiffs could have applied to the court to restrain the sale, or to cause it to be made subject to their lien, or to have the proceeds first applied to the payment thereof, or they could demand the application of the proceeds, if remaining in the hands of the receiver, to the payment of the lien.

(Argued June 14, 1878; decided November 26, 1878.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, reversing on questions of fact and law a judgment in favor of defendant, entered on the report of a referee and granting a new trial.

This action was brought to recover damages for the alleged conversion of a quantity of carpets.

The findings of the referee were to the effect that in August, 1869, the plaintiff sold to the firm of J. E. Miller & Co. (composed of James E. Miller, Dell P. Peters and Catharine Loeb), carpets to the amount of about $7,000 under an agreement that the purchasers should give their notes at two, four and six months for the price, secured by a chattel mortgage on the carpets. It was part of the agreement that the carpets should be laid down in the Glenham Hotel, by the plaintiffs. Under this agreement the carpets were delivered from time to time, and the delivery was completed on or before the 29th of October, 1869. While the delivery was progressing and before the twenty-ninth of October the plaintiff applied

to J. E. Miller & Co. for and received from them three notes, viz. : On the thirtieth of September two notes of $1,500 each, and on the first of October one note of $1,500. These notes were accepted under the agreement for the sale of the carpets. Plaintiffs completed the delivery without insisting upon the delivery of the chattel mortgage or otherwise making said delivery conditional. About the fourth of December, 1869, Catharine Loeb assigned all her interest in the firm to Dell P. Peters, one of her co-partners, and on that day Miller commenced an action in the Supreme Court to wind up the partnership. On the eighth of December Peters was appointed receiver of the partnership property and the partners were enjoined from making any sale or other disposition thereof. On the same day, but after the appointment of the receiver the plaintiff Husted demanded of Miller the execution of the chattel mortgage, and presented to him for execution a mortgage drawn in his individual name as mortgagor to the plaintiff Husted as mortgagee. After consultation with counsel Miller executed the mortgage, first inserting in it a statement that it was given for a copartnership debt of the late firm of J. E. Miller & Co. contracted for the purchase of the carpets described in the mortgage, and that the debt was contracted with the firm of Husted & Carll of whom said Husted was one. As thus corrected and executed the mortgage was delivered to said plaintiff who on the tenth of December, 1869, filed it in the register's office. It is further found that no mortgage had been demanded prior to the eighth of December. By orders made on the sixteenth and twentieth of December the defendant was appointed receiver of the partnership property in place of Peters who was removed, and on the seventeenth of January, 1870, an order was made in said action directing the receiver to sell the copartnership property. In pursuance of this order the receiver advertised the property for sale on the twenty-fifth of January, 1870.

On the twenty-first of January, 1870, the plaintiffs served upon the defendant a petition to the Supreme Court, alleging the appointment of the defendant as receiver and

that he had taken possession of the carpets in question, and setting forth the conditions of the sale thereof by them to the firm of J. E. Miller & Co., and alleging that the delivery of the carpets to them was completed October 29th, 1869 ; that they had demanded the mortgage, but that none had been delivered by the firm as agreed upon and no part of the price of the carpets had been paid ; that the plaintiffs were taking steps to get back the property by reason of a failure of the conditions of sale when they were informed of the receivership ; that they had demanded the property from the receiver. The prayer of the petition was that the receiver deliver the property to the plaintiffs or that they have leave to bring an action against the receiver for claim and delivery, and generally for other relief. To this petition was attached a notice of motion to be made thereon on the first Monday of February, 1870. What order was made on this petition does not appear from the papers in this case. The defendant testified and the referee found that the defendant handed the petition and notice to his counsel without reading them. The referee further found that on the day of the receiver's sale the plaintiffs attended and publicly demanded the goods but that notwithstanding such demand the defendant caused the goods to be sold under the order of sale ; also that J. E. Miller & Co. were guilty of no fraud in contracting for, or obtaining possession of the goods.

The conclusions of law of the referee were, that the delivery of the chattel mortgage was a condition upon which the plaintiffs might have insisted at the time of the delivery of the carpets, but that by delivering them and rendering a bill therefor and applying for and receiving the notes and delaying from October twenty-ninth to December eighth to demand the mortgage, and finally accepting and filing the chattel mortgage from James E. Miller, they waived the condition upon which they might otherwise have insisted ; and that at the time of the appointment of the receiver the title to the goods was vested in J. E. Miller & Co. or

Miller & Peters free from any right therein or lien thereon in favor of the plaintiffs, and that the complaint should be dismissed.

*Charles A. Davison*, for appellant. One who seeks to reverse the judgment of a referee on the facts upon any particular point must procure a finding in respect thereto or show a request and refusal and exception. (*Fabri* v. *Kalbfleisch*, 52 N. Y., 28; *Pratt* v. *Ins. Co.*, 55 id., 505; *Holden* v. *Burnham*, 63 id., 76; *Fake* v. *Whipple*, 39 id., 394; S. C., 39 Barb., 339; *Mosher* v. *Hotchkiss*, 3 Keyes, 161; *Grant* v. *Morse*, 22 N. Y., 323.) The goods having been delivered without any qualification or condition, express or implied at the time of the delivery, the condition of the sale was waived. (*Lupin* v. *Marie*, 6 Wend., 77; *Smith* v. *Lynes*, 5 N. Y., 41; *Hammitt* v. *Linneman*, 48 id., 399; *Osborn* v. *Gantz*, 60 id., 542.) The receipt of the promissory notes operated as a payment and a waiver of the right to demand a mortgage. (*Lees* v. *Richardson*, 2 Hilt., 172, 176.)

*Dan'l. P. Barnard*, for respondents. Plaintiffs not having fully completed the order when the chattel mortgage was given had no right to insist upon its delivery or upon the delivery of any notes. (*Husted* v. *Craig*, 36 N. Y., 221, 223; *Baker* v. *Higgins*, 21 id., 397.) Defendant holds no better position in this action than Miller & Co. could hold. (*Smyth* v. *Lynes*, 1 Seld., 41; *Hammitt* v. *Linneman*, 48 N. Y., 399; *Barnard* v. *Campbell*, 58 id., 73; *Palmer* v. *Kelly*, 56 id., 637; *Kinney* v. *Kiernan*, 49 id., 164.)

RAPALLO, J. The judgment entered on the report of the referee was reversed at the General Term on questions of fact as well as of law. The only fact however in controversy, upon the evidence, was the date at which the delivery of the carpets was completed. The plaintiffs in their petition verified by the plaintiff Carll, state that they commenced such delivery, cutting and laying down the carpets, on the 28th

of August, 1869, and finally completed the same on the 29th of October, 1869. The only evidence conflicting with this statement is the testimony of Mr. Husted another of the plaintiffs, who testified on his direct-examination that he could not recollect the date of the last delivery but it must have been about October. That the bulk of the goods was delivered in October. That they were delivering them up to December. On cross-examination he testified that the delivery was not complete when he saw Mr. Miller, which was on the same day when he got the mortgage, and was shown to be the eighth of December, but that the only respect in which the delivery was incomplete as far as he could remember was that one carpet was unfinished, not having the border on. The mortgage presented by Mr. Husted for execution purported to secure the payment of the purchase-money in two, four and six months from the 1st of November, 1869. This in connection with the statement in the plaintiffs' petition that the delivery was completed on the twenty-ninth of October shows that the parties treated the delivery as completed, and considered that the firm of J. E. Miller & Co. had incurred the indebtedness, as early as the 1st of November, 1869, notwithstanding the trifling deficiency of a border to one of the carpets.

No objection or complaint appears to have been made by the purchasers on this ground. We think therefore that the finding that the delivery was completed on the twenty-ninth of October is sustained by the evidence. The residue of the finding, viz.: That the plaintiffs made the delivery of the goods without insisting upon the delivery of the chattel mortgage or otherwise making the delivery conditional is also in accordance with the evidence. There is no evidence that any demand was made for the mortgage until the eighth of December, when the mortgage presented to Miller for execution was executed by him and accepted by the plaintiff Husted and filed by the plaintiffs.

It seems to us to be beyond question that the title to the carpets was vested by the sale and delivery, in the

firm of J. E. Miller & Co. It was the intention of the agreement that the title should so vest, and that Miller & Co. should give back to the vendors a chattel mortgage thereon. All that the vendors were to have in any event was a lien upon the property, to be created by the vendees, and this presupposes that they should take the title and have the power to create the lien. Under this agreement the property was delivered to them and continued in their possession over a month before the mortgage was demanded, and it appears that Miller, the only person of whom the mortgage was demanded, complied with the demand made, and executed the mortgage prepared and presented by the plaintiffs. This action clearly could not be maintained on the ground that the title had not passed out of the plaintiffs.

But we think that the referee went too far in holding that the plaintiffs had no lien upon the property. The carpets having been delivered under an agreement that the price should be secured by a mortgage thereon, that agreement could have been specifically enforced in equity and constituted an equitable lien upon the property as against J. E. Miller & Co. and all persons claiming through or under them except *bona fide* purchasers having no notice of the lien. (*Holroyd* v. *Marshall*, 10 House of Lords, 191; *Mitchell* v. *Winslow*, 2 Story, 631; *Smithhurst* v. *Edmunds*, 1 Car., 408; *Hale* v. *Omaha Nat. Bk.*, 49 N. Y., 626; S. C., 64 id., 550.)

The omission to demand the mortgage simultaneously with the delivery of the property, or to make the delivery conditional upon the execution of the mortgage, and the subsequent delay in demanding the mortgage, were sufficient to preclude the plaintiffs from denying that the property had been delivered, and from alleging that the delivery was conditional, but these omissions did not absolve the purchasers from their agreement to give the mortgage, nor deprive the vendors of the equitable lien which resulted from that agreement. No such ground was taken by the parties, but, on the contrary, on the eighth of December both parties treated

the delivery as completed and the stipulation to give the mortgage as in full force. The plaintiffs demanded a mortgage, and the demand was complied with in the form in which it was made, although not in the form originally agreed. The plaintiffs had the right to demand a mortgage executed by the firm, but instead of so doing they demanded one drawn in the name of Miller alone, and the demand was complied with. This mortgage, standing alone, was insufficient to create a legal lien on the partnership property, for several reasons. It was under seal, purported to be the deed of Miller alone, the firm name not being used, and at the time of its execution the firm had been dissolved by the withdrawal of Mrs. Loeb and her assignment of her interest to Peters and the appointment of a receiver of the firm property. But taken in connection with the previous agreement of the firm to give the mortgage, and the recitals in the mortgage itself, it was manifest that this instrument was given in attempted performance of the agreement of the firm, and in its behalf, and the lien of the plaintiffs would have been protected in equity.

Under these circumstances the plaintiffs had ample remedies. They could have applied to the court to restrain the sale, or to cause it to be made expressly subject to their lien, or to have the proceeds first applied to the payment of the lien. They could have protected their interest by bidding at the sale, and they still can demand the application of the proceeds of sale to the payment of the lien; if such proceeds are still in the hands of the receiver. Their claim to these proceeds would take precedence of those of either of the parties to the action or of the general creditors of the firm. But no such relief was sought in this action, nor does it appear that any claim for equitable relief was suggested at the trial. The action was framed and tried as an action at law against the receiver personally, for damages for an unlawful conversion of the property, and was founded wholly on the allegation that the legal title to the property had never passed out of the plaintiffs. The referee decided

against this claim, and for the reasons already stated we think he decided correctly. He was not asked to give any relief for the destruction of or interference with the equitable lien of the plaintiffs, nor were the facts alleged or found which would have entitled the plaintiffs to such relief. In this respect the case is precisely like that of *Hale* v. *Omaha National Bank* (64 N. Y., 555). The plaintiff in that case claimed under an agreement to give a lien on the furniture of a hotel. Before any instrument had been given to create a legal lien, the property was taken by the defendant, and sold. It was conceded in that case that an action in the nature of trover or trespass would not lie for such taking and conversion, and it was held by this court that in order to sustain an action for depriving the plaintiff of the equitable lien which he claimed, it was necessary to show that the property was sold in hostility to the alleged lien, that it was scattered and dissipated or sold to *bona fide* purchasers having no notice of the lien, and that in the absence of those facts the action could not be maintained. In the present case the receiver could lawfully have sold the interest of the firm in the carpets. If sold in a block, and the plaintiffs gave notice of their lien to the purchaser, their position would not have been changed nor would they have been injured by the sale. As before said, this action was not brought or tried upon the theory that the plaintiffs had a lien, but is founded solely on the alleged technical conversion, by the receiver's sale, of property to which the plaintiffs claimed the legal title, and none of the facts which were held in the case last cited to be essential to maintain an action for injury to an equitable lien, were either alleged or found.

The order of the General Term should be reversed, and the judgment entered on the report of the referee affirmed.

All concur, except EARL, J., not voting ; HAND, J., not sitting.

Order reversed and judgment affirmed.