CATHARIND OLIVA, executrix &c. of Sebastiano Bacci-galupo, deceased,

*v.*

GABRELLO BUNAFORZA and others.

1. A bill that seeks to establish the lien of an equitable mortgage on lands, against the mortgagor, his grantee and a mortgagee of the latter with notice of such equitable lien, is not multifarious.

2. The covenant under which the equitable mortgage is claimed, included all of the covenantor's property, both real and personal, and especially a certain house and lot, describing it.—*Held*, that it was valid.

3. That the orphans court which granted letters testamentary, did not require security from an executrix, because she had remarried, constitutes no objection to her proceeding in this court.

4. Although the husband of an executrix is a proper party, his non-joinder cannot be taken advantage of by general demurrer.

Bill for relief.   On general demurrer.

*Mr. G. Collins*, for demurrants.

*Mr. H. Wallis*, for complainant.

THE CHANCELLOR.

The bill is filed to enforce the lien of an equitable mortgage on a lot of land in Hoboken, conveyed to Gabrello Bunaforza, by John Gormley and wife, February 27th, 1872, and being lot No. 5 in block No. 18 on a map of property belonging to the estate of John G. Coster, deceased, filed in the clerk's (now register's) office of Hudson county.   The lien is claimed under two instruments of writing, one dated January 1st, 1872, and the other July 19th, 1873, made and given by Gabrello Bunaforza to Baccigalupo, by the former of which Bunaforza acknowledged that he had received from Baccigalupo $750 as a loan, which he thereby promised to repay in one year, with interest half-yearly, and covenanted that, in case of default in the payment of principal or interest when due, he would give to Baccigalupo, his executors, administrators or assigns, a good and sufficient instrument of mortgage on all or any of his property, both real and personal, and especially on the lot and building thereon " situated in Newark street, block 18, in the city of Hoboken, state of New Jersey."   The covenant is followed by the declaration that the money had been kindly lent to Bunaforza by Baccigalupo, to pay the purchase-money of

that lot, and was to be considered as a part of the purchase-money thereof.   By the other instrument, the time for payment of the principal of the loan was extended for a year longer (to the 1st of January, 1874), and Bunaforza covenanted faithfully to execute the covenants of the former instrument.   The money has never been repaid.   Baccigalupo died in 1875, leaving a will, of which the complainant is executrix.   Shortly after his death the complainant again married, and, after her second marriage, proved the will and received letters testamentary thereon.   On the 14th of August, 1873, Bunaforza and his wife conveyed the lot to Antonio Quirolo.   By deed dated two days afterwards, Quirolo and his wife conveyed an undivided half of the property to the wife of Bunaforza.   By mortgage dated January 6th, 1876, Quirolo and his wife mortgaged the whole of the property to Felice Quirolo to secure the payment of $600 and interest.   By deed dated November 25th, 1876, Bunaforza and his wife conveyed the undivided half of the premises to Antonio Quirolo, and thus the legal title to the whole was again vested in the latter, but subject to the mortgage to Felice Quirolo.

The defendants insist that the bill is multifarious; that there is a defect of parties, because the husband of the complainant is not a party to the suit; that the agreement is on its face void, because it promises to mortgage all the covenantor's property; that the averment of notice to the Quirolos is insufficient, and that, inasmuch as the bill shows that the complainant married after the death of her husband, she should not be permitted to act as executrix until it appears that she has given security.

There is clearly no ground for the criticism that the bill is multifarious.   The complainant seeks to establish the lien of an equitable mortgage against the mortgagor and his grantee, and an encumbrancer who holds a mortgage given by the latter.

As to notice, the bill not only alleges that the defendants all had full knowledge of the agreements on which the com-

plainant's claim is based, but it goes further, and alleges that the deeds and mortgage under which they respectively claim, were made with the intention of defeating and preventing the enforcement of the covenant. The objection based on the ground that the covenant promises to mortgage all the covenantor's property, is untenable. It is enough to say that the covenant is particularly directed to a specified lot. *Shakel* v. *Duke of Marlborough, 4 Madd. 463; Jones on Mortgages* § *163.* Nor can the objection based on the statute which authorizes the orphans court to require security of an executrix who marries after the grant of letters testamentary, be maintained. It appears, it may be remarked, that the executrix remarried before the grant of letters. This court will not go behind the letters. *Ryno's ex'r* v. *Ryno's adm'r, 12 C. E. Gr. 522.* There is a defect of parties. The husband of the complainant should be joined with her. *Williams on Ex'rs, 965 ; 1 Bishop's Law of Mar. Wom.* § *90.* The demurrer is a general one, however. A demurrer for want of parties should be special. *Mitford Ch. Pl. 180; Willis's Eq. Pl. 462.* It will be overruled, with costs, with leave to amend it in ten days from the day of the order, unless the complainant shall, in the meantime, amend by making her husband a party complainant with her.