·   JACOB F. SHARP

v.

ANASTASIA SHEA and others.

| 32 | 65 |
| 52 | 439 |
| 32 | 65 |
| 60L | 278 |

A purchaser of lands at a sheriff's sale under a judgment recovered against a debtor who had given a prior mortgage on such lands, which had never been registered and of which the judgment creditor had no notice but of which such purchaser had actual notice, takes the title free of the lien of such mortgage.

---

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. A. A. Clark*, for complainant.

*Mr. J. W. Davis*, for defendant Prall

THE CHANCELLOR.

The question in this case is, whether the complainant's mortgage is valid against the title of the defendant Prall to the mortgaged premises.   Prall purchased the property in January, 1874, at a sale under an execution issued on a judgment recovered November 5th, 1873, in Somerset circuit court, by James Hays against the mortgagors, one of whom, Anastasia Shea, was, at the time of the recovery of the judgment, the owner of the premises.   The mortgage was given in May, 1872, but was not registered until May 18th, 1876.   Hays, the judgment creditor, had no notice of it.   It, therefore, was not valid against him.   The statute

provides that every deed of mortgage or conveyance in nature of a mortgage, of or for any lands, tenements or hereditaments, executed after January 1st, 1821, shall be void and of no effect against a subsequent judgment creditor or *bona fide* purchaser or mortgagee for a valuable considera- tion, not having notice thereof, unless recorded or lodged for record at or before the time of entering the judgment or recording or lodging for record the subsequent deed or mortgage. (*Rev. p. 706 § 22.*) The sheriff's deed to Prall vested in him as good and perfect an estate in the premises as the Sheas were seized of or entitled to at or before the time when the judgment was entered, as fully to all intents and purposes as if they had sold the property to him and had received the consideration money, and signed, sealed and delivered the deed. (*Rev. p. 1043 § 7.*) And it vested the estate in him free from the complainant's mortgage, because the judgment creditor had no notice of that mortgage. *Rutgers* v. *Kingsland, 3 Hal. Ch. 178; S. C. on appeal, Id. 658; Coleman* v. *Barklew, 3 Dutch. 357.* And it makes no difference whether Prall had notice of the existence of the mortgage or not. *Rutgers* v. *Kingsland, ubi supra; Holmes* v. *Stout, 2 Stock. 419.* It is obvious that, unless the protection of the statute is to be extended to the purchaser at the exe- cution sale, the judgment creditor cannot have the full benefit of the statute. There is no proof, however, that Prall had notice, but the evidence is to the contrary. There is some evidence (the testimony of the complainant alone) that he paid interest on the mortgage in 1875, but he expressly and explicitly denies it. The complainant swears, also, that in 1876, Prall said the mortgage was a good one, but the latter positively denies this. Another witness tes- tifies that, in 1875, Prall told him there was a mortgage of one hundred and fifty dollars (the amount of the complain- ant's mortgage) on the property. This Prall denies, also. But if he made these statements in 1875 and 1876, and paid the interest in the former year, it was all after the sale; and these things do not prove that he had notice of the mortgage

Central R. R. Co. of N. J. *v.* N. J. West Line R. R. Co.

at the time of the sale, which was in January, 1874. But, as before stated, it makes no difference whether he had notice or not.

The bill will be dismissed, with costs.