Westervelt *v.* Voorhis.

JAMES P. WESTERVELT

*v.*

IDA E. VOORHIS.

1. By the common law, the priority of liens, whether by mortgage or judgment, is governed exclusively by the date of their acquisition, the first in order of time standing first in order of rank.

2. An unregistered mortgage executed by an ancestor, though prior in date to a judgment recovered against his heir in the ancestor's lifetime, does not, on the ancestor's death, become void under the twenty-second section of the statute concerning mortgages.

3. A mortgage and judgment, in order to stand in the relation of being prior and subsequent to each other, must embrace or cover the same land.

On final hearing on bill and answer and facts admitted.

*Mr. T. C. Simonton,* for complainant.

*Mr. Charles H. Voorhis,* for defendant.

VAN FLEET, V. C.

The question to be decided in this case is whether the mortgage on which the complainant's action is founded is void or not, as against the defendant. The complainant seeks to foreclose a mortgage made to him by Henry H. Voorhis, on the 3d of June, 1883, to secure $1,000. The mortgage was not recorded at the time of its execution, nor for more than two years afterwards. The mortgagor died intestate, January 30th, 1885. On his death, the mortgaged premises descended to his four children, of whom Charles H. Voorhis was one.

The defendant, Ida E. Voorhis, on the 26th of December, 1884, recovered a judgment against Charles H. Voorhis, in the supreme court of this state, for $14,000, and his interest in the mortgaged premises was subsequently, on the 4th of June, 1885, conveyed to her in execution of a sheriff's sale made under her

judgment.  The complainant's mortgage was not recorded until the 19th of February, 1885.  The defence is that the complainant's mortgage is void as against the judgment under which the defendant claims title to one-fourth of the mortgaged premises.

By the common law, and in the absence of statutory regulation, the priority of liens, whether by mortgage or judgment, is governed exclusively by the date of their acquisition, the first in order of time standing first in order of rank.  Unless, therefore, the common law rights of the parties to this suit have been changed by statute, there can be no doubt that the complainant's mortgage is both valid against and prior to the defendant's judgment.  The defendant, however, insists that the complainant's mortgage is rendered a nullity, as against her judgment, by the twenty-second section of the statute concerning mortgages.  This section, in substance, declares that every mortgage of land shall be void and for no effect against a subsequent judgment creditor, not having notice thereof, unless such mortgage be recorded or lodged for that purpose at or before the time of entering such judgment, provided, nevertheless, that such mortgage, as between the parties and their heirs, shall be valid and operative.  *Rev. p. 706.*  The mortgage in question is undoubtedly valid against Charles H. Voorhis, the judgment debtor ; it is made so by the express words of the statute.  As heir, he could take nothing from his ancestor until his ancestor's debts were paid.  So long as the title to lands descended remains in the heir, the debts of the ancestor constitute a lien thereon.  *Rev. p. 768* § *77 ; Haston* v. *Castner, 4 Stew. Eq. 697.*

And as a general rule, a judgment creditor can take nothing for the satisfaction of his debt, which his debtor cannot himself sell and make a good title to as against his creditors.  Speaking generally, the limit of his right, as a creditor, is to sell, by judicial process, only such property, for the satisfaction of his debt, as his debtor could himself sell.  It must be admitted, however, that this statute has changed this rule, and has given a judgment creditor, in a certain contingency, a right to sell property for the satisfaction of his debt, which his debtor could not himself sell, and to sell the same free from the lien of a prior unregistered

mortgage executed thereon by his debtor. But in order to possess this right, he must be a judgment creditor of the person who executed the prior unregistered mortgage and not a judgment creditor of some person who may, at some future time after entry of his judgment, become the owner by descent of the mortgaged premises. That this is the meaning of the statute seems to me too obvious for debate. There are some things so plain that any attempt by argument to make them more explicit serves rather to obscure than to elucidate. Prior to the enactment of this statute it was possible for a dishonest man, after having mortgaged his lands for all they were worth, to procure an additional loan on them, by falsely representing that they were unencumbered, and thus defraud the last mortgagee. The evil which needed correction consisted in this: that all prior liens, though secret and unknown, were valid and entitled to be paid according to their priority. The remedy which the statute applies is to compel a mortgagee to give notoriety to the fact that he has a lien, by requiring him to record his mortgage, under the penalty of losing his priority as against subsequent lien-holders acquiring liens in ignorance of his. The nullification is effected by the entry of the judgment. If the prior mortgage is not recorded or lodged for that purpose, at or before the time of entering the subsequent judgment, the mortgage becomes void at once, on the entry of the judgment. But, if when the judgment is entered, the mortgaged premises are owned by one person, and the judgment is entered against another and different person, so that the judgment is not a lien on the mortgaged premises, the mortgage and judgment do not stand in relation to successive liens, so that one can be prior to the other. The obvious design of the statute is to protect a subsequent encumbrancer against a prior unregistered encumbrance, where both encumbrancers have liens on the same lands, but where two persons have liens against different debtors, and embracing or affecting different tracts of land, their liens stand wholly independent of each other, and neither is prior or subsequent to the other. Legislation, which in such case, should declare either void against the other, would be both useless and absurd.

The defence, it is obvious, comes within neither the words, the spirit, nor the policy of the statute, and must therefore be pronounced groundless. The complainant is entitled to a decree.