## STAATS V. D. CLARK

*v.*

## ELLEN S. VAN CLEEF et al.

[Decided November 7th, 1908.]

1. A motion to strike a cross-bill because it does not allege ground for equitable relief, and because the alleged equitable mortgage sought to be foreclosed is barred by limitations, &c., is equivalent to a demurrer.

2. A motion to strike out a cross-bill because it does not allege any ground for equitable relief will be sustained only in case all the facts, taken together, do not make a case on which complainant is entitled to any relief.

3. Equity will decree specific performance of a contract to give a mortgage on land, where the contract, although by parol, has been executed, on complainant's part, by payment of the money for which the mortgage was to be executed.

4. A motion to strike out a cross-bill to enforce an equitable mortgage properly specified as a distinct ground that the alleged mortgage was barred by limitations.

5. Defendant's mother, owning property, subject to a mortgage, on December 11th, 1880, applied to defendant to take up the mortgage, promising to give to defendant a mortgage on the property for the amount advanced. Defendant took up the mortgage, which was thereupon released, but no new mortgage was executed by her mother prior to her death fourteen years after the transaction, when defendant became entitled to an undivided one-third of the property, and was in possession, in law and in fact, with the other heirs, her co-tenants, for thirteen years prior to suit for partition.—*Held*, that since after the mother's death defendant's co-tenants had no opportunity to assert a hostile title, defendant having neither possession as mortgagee of record nor in fee, defendant could not make her alleged equitable mortgage the basis of a claim to defeat her co-tenants' claim of limitation.

6. Where defendant paid off a mortgage on her mother's land, on the mother's promise to execute a new mortgage to defendant for the amount advanced, which she failed to do, defendant had a remedy at law by *assumpsit* to recover the money so advanced, which was barred after six years, and hence could not maintain a suit in equity to compel specific performance of the contract to execute the mortgage, and to foreclose a lien on the land therefor, after the expiration of a similar period.

7. The breach of all parol or simple contracts, whether verbal or written, express or implied, as for the payment of money, or for the performance or omission of any other act, is remediable by action of *assumpsit*.

8. Entry of a judgment *nunc pro tunc* as of the date of submission will be ordered on the suggestion that the party against whom the judgment is rendered has died in the meantime.

On motion to strike out cross-bill.

*Mr. Arthur H. Bissell,* for the motion.

*Mr. Alan H. Strong, contra.*

WALKER, V. C.

The bill is one for partition of lands of which Joanna Clark, late of New Brunswick, died seized. The defendant Ellen S. Van Cleef, who owns an equal undivided one-third of the premises, has answered and sets up that on January 16th, 1879, Mrs. Clark, her mother, the then owner, made a mortgage upon the premises in question to a Mrs. R. L. Macauley for $4,000; that on or about December 11th, 1880, Mrs. Clark applied to the defendant, her daughter, and requested her to pay off Mrs. Macauley's mortgage, agreeing that if she would do so, that she, the mother, would secure her, Mrs. Van Cleef, for the money expended, by making a mortgage upon the premises to her; that the defendant relying upon the promise of her mother paid off Mrs. Macauley's mortgage on December 11th, 1880, and caused it to be canceled of record, and also caused to be prepared a bond and mortgage from her mother to her and tendered it to her mother for execution, but for some reason (not stated) the execution of the mortgage was temporarily deferred, and was from time to time thereafter postponed, and was never in fact executed, although Mrs. Clark never denied that Mrs. Van Cleef had advanced the money, nor that Mrs. Clark owed the money to her daughter, nor that she agreed to give the mortgage mentioned as security. Then, by way of cross-bill, Mrs. Van Cleef prays a decree that she is entitled to a lien upon the whole premises for the money expended in the discharge of the mortgage of $4,000, with interest from December 11th, 1880.

Counsel for Mrs. Van Cleef moves under rule No. 213 to strike out the cross-bill for these reasons—*first,* that it does not set forth any ground for equitable relief; *second,* that the

alleged equitable mortgage is said to have been made more than twenty-seven years ago, and is barred by the statute of limitations and the practice of this court, and *third,* upon such other grounds as appear from the reading of the cross-bill and the pleadings heretofore filed in this cause.

This motion is equivalent to a demurrer. *Stevenson* v. *Morgan, 63 N. J. Eq. (18 Dick.) 707.*

The first reason assigned in the notice, namely, that the cross-bill does not set forth any ground of equitable relief, will prevail only if all the facts taken together do not make a case on which the complainant is entitled to any relief. *Safford* v. *Barber, 70 Atl. Rep. 371.* Now, the relief sought is the establishment of an equitable mortgage by way of the creation of a lien upon land, and if this court can decree the specific performance of a parol agreement to make a mortgage, then, if the defendant is for any reason entitled to have such mortgage, or its equivalent, this ground of motion fails; even though for some specific reason the defendant might not be entitled to the relief just mentioned, as will presently be seen. That is, it will be seen that by the operation of the statute of limitations the defendant is barred of relief.

The court will decree specific performance of a contract to give a mortgage upon lands, where the contract, although by parol, has been executed on the complainant's part. *Dean* v. *Anderson, 34 N. J. Eq. (7 Stew.) 496, and reporter's note.* Taking the allegations of the cross-bill to be true, which must be done on this motion, the conditions exist which entitle Mrs. Van Cleef to the relief she seeks, that is, the consideration for the mortgage passed from her, and that, too, upon her reliance upon the promise of her mother to make the mortgage claimed. On the question of want of equity generally, the defendant fails.

This brings me to the consideration of the second ground of the motion, namely, the statute of limitations. This has been specified as a distinct ground, and properly so under the rule on which the motion is based, and also under *Safford* v. *Barber, ubi supra,* and the cases therein cited.

Counsel for the complainant points out that the lien by way of mortgage which the defendant seeks to establish had its in-

ception on December 11th, 1880, over twenty-seven years ago, and, further, that the defendant cannot claim to be·in any better position than the rule that equity regards as done that which she should have been done, would place her, that is, that she has no greater equity than if a mortgage had formally been made and delivered to her on the date last mentioned, and, as the cross-bill itself shows that no part of the principal nor any interest has been paid upon the claim, the statute of limitations would be a bar the same as in a foreclosure case (*Blue* v. *Everett, 56 N. J. Eq. (11 Dick.) 455; Collon* v. *Depew, 59 N. J. Eq. (14 Dick.) 126; S. C., 60 N. J. Eq. (15 Dick.) 455*), and that, by analogy and upon principle, she should be held to be barred of the remedy she seeks here.

Counsel for the defendant Mrs. Van Cleef contends that the limitation of twenty years, which would be necessary to bar fore-closure of a mortgage, has not run because upon Mrs. Clark's death in March, 1894, the fee in the lands descended to her heirs-at-law, one of whom was Mrs. Van Cleef, who, as remarked, inherited an equal undivided one-third, and that since the death of Mrs. Clark, there has been no possession adverse to Mrs. Van Cleef, who, it is asserted, has been in possession in law and in fact together with the other heirs. It will be observed that it was less than fourteen years from the date of the transaction to the death of Mrs. Clark, and that Mrs. Van Cleef has been an owner of an undivided interest in the fee since that time.

The contention is, that there has not been twenty years' posses-sion adverse to Mrs. Van Cleef, and that, therefore, she is en-titled to relief the same as though her mortgage had been in existence all the time. To this proposition I cannot assent.

After the death of Mrs. Clark, the co-tenants of Mrs. Van Cleef had no opportunity to assert a hostile title to her because she had no possession as mortgagee either of record or by matter *in pais,* notice of which was brought home to her co-tenants; certainly she had no title of record, and no notice in fact is dis-closed or claimed. To permit Mrs. Van Cleef to make her latent and secret equity the basis of a claim to defeat an adverse posses-sion, if, in fact, it be necessary for her co-tenants to rely upon

any adverse possession, which I do not concede, would be inequitable.

My judgment is against the claim set up by the cross-bill upon this question of the statute of limitations based upon a twenty years' adverse possession. But, whether I be right or wrong in this view, there is another statute of limitations, which, to my mind, is entirely dispositive of the case against Mrs. Van Cleef. It is the six years period within which an action of *assumpsit* may be commenced for the recovery of damages for a breach of a simple contract for the payment of money, for, even if she were entitled to an equitable mortgage, she also had a remedy at law for the recovery of the amount she expended for the use of her mother at her mother's request.

Where there is both a legal and an equitable remedy for the same cause of action, if the legal remedy is barred by lapse of time, the equitable remedy will also be held to be barred. *Smith's Administrator* v. *Wood, 42 N. J. Eq. (15 Stew.) 563.*

The averment is that Mrs. Van Cleef, at the special instance and request of her mother, Mrs. Clark, laid out and expended the sum of $4,000 for her in the payment and discharge of a mortgage, upon her promise to execute a mortgage to Mrs. Van Cleef to secure her upon the land which she exonerated by the payment of the mortgage for her mother. The allegation further is, that the mother failed and neglected to make the mortgage to her daughter. The money was advanced December 11th, 1880. Upon the breach of this contract, which occurred as soon as the contract was made, Mrs. Van Cleef, instead of resorting to equity for the establishment of a lien upon the lands for the money in question, or for a specific performance of the contract to execute a mortgage, could have sued her mother in a common law court for money paid to the use of her mother.

The breach of all parol or simple contracts, whether verbal or written, or express or implied, or for the payment of money, or for the performance or omission of any other act, is remediable by action of *assumpsit.* Thus it lies to recover money lent by the plaintiff to the defendant, or paid by the plaintiff on the account of the defendant at his request. *1 Ch. Pl. *99.*

In a case of a bill for an account of the profits of an estate received by the defendant while the complainant was an infant, it appeared that the defendant had possession under an agreement constituting him a trustee for the infant. The bill was not filed until more than six years after the infant became of age, and it was held, that the statute barred the action in equity as it would have barred a common law action of account, as the complainant might have had his action of account at law, and there was, therefore, no necessity for his seeking relief in equity. *Partridge* v. *Wells, 30 N. J. Eq. (3 Stew.) 176* (at *p. 179*). In this case (*Partridge* v. *Wells*), Vice-Chancellor Van Fleet remarked: "The test, then, obviously prescribed by the rule is, had the suitor a remedy at law which he has lost? If the complainant in this case had a complete remedy at law, which has been lost by lapse of time, he is not entitled to the remedy he seeks here."

There can be no doubt of Mrs. Van Cleef's adequate and appropriate remedy in a court of law in an action of *assumpsit* for money paid to the use of her mother, during the six years which elapsed next after the date of the transaction.

This ground of objection, namely, that the statute of limitations is fatal to the relief sought by the defendant Mrs. Van Cleef, on her cross-bill, being valid, the motion will prevail, and the cross-bill must be struck out.

It is unnecessary to consider the third ground of objection to the cross-bill, which, by the way, would not be considered in any event as it is too vague and general.

Since the argument of this motion the death of the complainant has been suggested on the record. This being so, the order striking out the cross-bill may be entered *nunc pro tunc,* as of August 25th last, the day on which the matter was submitted. This is the usual practice. *Dan. Ch. Pl. & Pr. (6th Am. ed.) *1017; Burnham* v. *Dalling, 16 N. J. Eq. (1 C. E. Gr.) 310.*