The only question at issue in this cause is whether or not the judgment of the defendant Klucznik is entitled to priority over a prior unrecorded mortgage held by the complainant and which mortgage was not recorded until after the entry *Page 330 
of the judgment. It is conceded that under the provisions of section 54 of the Conveyance act (2 Comp. Stat. p. 1553), and section 22 of our Mortgage act (3 Comp. Stat. p. 3414), a judgment lien is entitled to priority over the lien of a previous unrecorded mortgage when the judgment creditor obtained his judgment without notice of the existence of the mortgage (Condit v. Wilson, 36 N.J. Eq. 370; Sharp v. Shea, 32 N.J. Eq. 65; Voorhis v. Westervelt, 43 N.J. Eq. 642); and that in the instant case the defendant had no notice of the complainant's mortgage until after the entry of her judgment. But it is contended that the words "subsequent judgment creditor" as used in the statute to which reference has been made refer only to judgment creditors whose judgments are founded upon a liquidated debt, and that they do not apply to judgments founded on tort. I am asked to construe the statute so as to exclude tort judgments from its provision, but obviously to do so would be to usurp the functions of the legislature. The words "subsequent judgment creditor" are plain and all inclusive. Irrespective of this defendant's status before the entry of her judgment she became a "judgment creditor" the moment her judgment was entered. To paraphrase the language of Vice-Chancellor Pitney in TackCompany v. Ayres, 56 N.J. Eq. 56, "to adopt the reasoning of the counsel of complainant on this point would be to repeal the recording act so far as judgments [of this class] are concerned." And the general rule is that a statute of the kind of those here under consideration "is not limited in its application to money judgments in favor of creditors, but applies to any judgment affecting the title to real estate where such title appears of record in the name of the person against whom the judgment is rendered." 15 R.C.L. (tit. "Judgments") 816 § 282. My conclusion is that this defendant's judgment is entitled to priority over the complainant's mortgage and I will advise a decree dismissing the bill of complaint. *Page 331