Complainant's bill is to foreclose a mortgage securing bond of $2,500, made November 15th, 1921, recorded June 15th, 1922. Complainant holds by mesne assignments — the first from the original mortgagee to one Voorhees, dated March 10th, 1927, recorded November 16th, 1927, and the second from Voorhees to complainant, dated June 10th, 1928, recorded March 23d 1928.
A mortgage had been made by the original mortgagor to the defendant Mary E. Scott for $3,500, on December 15th, 1920, prior to complainant's mortgage, but not recorded until May 1st, 1923, subsequent to the execution and the recording of complainant's mortgage. By her answer she *Page 471 
denies the priority of complainant's mortgage; and by counter-claim asks decree for priority of her mortgage, and for foreclosure.
By section 22 of the Mortgage act (3 Comp. Stat. p. 3414), an unrecorded mortgage is made "void and of no effect against a subsequent judgment creditor, or bona fide purchaser, or mortgagee for a valuable consideration, not having notice thereof."
The original mortgagee of complainant's mortgage was a mortgagee for valuable consideration. The mortgage itself purports to be for valuable consideration, and that alone would be sufficient proof in the absence of any evidence to the contrary. Holmes v. Stout, 10 N.J. Eq. 419 (at p. 424);Roll v. Rea, 50 N.J. Law 264 (at p. 267). The defendant has made no attempt to disprove that the mortgagee paid value.
The burden therefore was on defendant to prove that the mortgagee for valuable consideration had notice of defendant's prior unrecorded mortgage. Commonwealth Finance Co. v. Schutt
(Court of Errors and Appeals), 97 N.J. Law 225 (at p. 299);McVoy v. Baumann (Court of Errors and Appeals), 93 N.J. Eq. 638
(at p. 642); see, also, cases collected in McVoy v.Baumann (Court of Chancery), 93 N.J. Eq. 360 (at p. 375). The defendant made no such proof.
The priority of complainant's mortgage, in the hands of the original mortgagee, is therefore established. Defendant, however, contends that such priority does not enure to the benefit of complainant, because prior to the time of the assignment by the original mortgagee to Voorhees (and hence also prior to the time of the assignment by Voorhees to complainant), defendant's mortgage had been recorded — so that complainant's assignor, Voorhees, and complainant, both took with constructive notice, from the record, of defendant's prior mortgage.
In this contention defendant is correct as to her facts, but wrong in her conclusion. The rights of the original mortgagee, as a purchaser for value without notice, being *Page 472 
established as prior to the rights of defendant, enure to the benefit of subsequent successors in title from such original mortgagee — even though such successors take with notice.Bowers v. Bowers, 90 N.J. Eq. 103 (at p. 107).
Defendant's counter-claim will not be dismissed, since it is valid as a foreclosure bill against the third mortgagee. Complainant is entitled to the usual decree in foreclosure with priority in payment; defendant Scott is entitled to payment after the satisfaction of complainant; if there be any further surplus, it should be paid into court, as the third mortgagee made no proof.