The issues here presented are: Has complainant an equitable mortgage upon the property in question; and, if so, is that mortgage inferior or superior to the judgment lien of defendant William H. Kelley, commissioner of banking and insurance, in possession of the property and assets of Lyndhurst Trust Company (hereinafter designated as "commissioner")?
Succinctly stated, the facts, as stipulated, are: On August 5th, 1926, Charles Smithson and his wife, to secure the payment of $8,500, executed their bond and mortgage covering the property in question to Lyndhurst Gardens, Incorporated, which the latter, on November 11th, 1926, assigned to defendant H.R. Bogle 
Company (hereinafter called "Bogle"), who, on November 19th, 1926, assigned them to complainant as collateral security for its indebtedness to the latter.
The provisions of this bond and mortgage having been defaulted in, foreclosure proceedings were instituted by complainant and Bogle on January 29th, 1931, which finally resulted in the property being advertised for sale on June 24th, 1931, by the sheriff of Bergen county.
Prior to said sale date, complainant and Bogle agreed that, in the event there were no bidders at the sale, or in case the mortgaged premises failed to bring the sum of $8,847.08, then Bogle should purchase the said premises and secure complainant's interest therein by executing and delivering to the latter a mortgage thereon in the sum of $8,500. No bidders appeared at the sale, and, in accordance with said agreement, Bogle purchased said premises. On July 7th, 1931, and before the sheriff had delivered his deed to Bogle, this court, on Smithson's petition to redeem the premises in question, restrained the sheriff from delivering his deed therefor to Bogle. After several hearings, the petitioner's solicitors withdrew their objections to the deed being delivered by the sheriff to Bogle and thereupon the petition was dismissed and the restraint vacated on March 7th, 1932.
Thereafter, on March 11th, 1932, at two-thirty-seven o'clock in the afternoon, a judgment was entered in the Bergen *Page 573 
county circuit court for the sum of $2,408.82 against Bogle and in favor of the commissioner's predecessor in office, for whom Smithson's solicitors appeared as attorneys, which judgment still remains uncanceled and unsatisfied of record. On this very same day, Bogle, pursuant to its previous agreement with complainant, executed and delivered to the latter a mortgage on the property, which, together with the sheriff's deed to Bogle, were recorded simultaneously in the Bergen county clerk's office on March 11th, 1932, at three-eighteen o'clock in the afternoon, or forty-one minutes after the entry of the judgment against Bogle.
Upon these facts, the authority of 3 Comp. Stat. p. 3414 §22; 2 Comp. Stat. p. 1553 § 54, and the cases of Sharp v.Shea, 32 N.J. Eq. 65; Morris v. White, 36 N.J. Eq. 324;Crystal Circle No. 11, B. of U., v. Schmitt, 84 N.J. Eq. 95;Gawrillow v. Rutkowski, 104 N.J. Eq. 329; Cubberly v.Homecrafters, Inc., 106 N.J. Eq. 470; Hunt v. Swayze,55 N.J. Law 33; Hodge's Ex'rs v. Amerman, 40 N.J. Eq. 99; Merchants andManufacturers Trust Co. v. Rollins, 102 N.J. Eq. 460; Majewski
v. Greenberg, 101 N.J. Eq. 134; Westervelt v. Voorhis, 42 N.J. Eq. 179; Howell v. Brewer, 5 Atl. Rep. 137, it is contended on behalf of the commissioner that the judgment which he holds is prior in lien to that of complainant's lien or mortgage. But a reading of the statutes and cases cited and relied upon by the commissioner discloses that they govern and apply only to cases wherein the controversy is between subsequent and prior bonafide purchasers, lienors or judgment creditors, where the former are first of record, or where as against such subsequent purchasers, lienors or judgment creditors, the prior equitable owner or lienor does not occupy the status of a bona fide
purchaser.
But no such facts or issues are here involved. Complainant here contends, and the commissioner denies, that it, by virtue of its agreement with Bogle, has an equitable mortgage on the property in question, and as such occupies the position of a bona fide
purchaser as against the commissioner.
The whole doctrine of equitable liens or mortgages is founded upon that cardinal maxim of equity which regards *Page 574 
as done that which has been agreed to be, and ought to have been, done. To dedicate property, or to agree to do so, to a particular purpose or debt is regarded in equity as creating an equitable lien thereon in favor of him for whom such dedication is made. This wholesome equitable principle is one of wide, if not universal, recognition and application. Dean v. Anderson,34 N.J. Eq. 496; Cummings v. Jackson, 55 N.J. Eq. 805; Clark v.Van Cleef, 75 N.J. Eq. 152; Payne v. Wilson, 74 N.Y. 348;Chase v. Peck, 21 N.Y. 581; Ketchum v. St. Louis,101 U.S. 306; 25 L.Ed. 999; Walker v. Brown, 165 U.S. 654;45 L.Ed. 465.
The form which an agreement shall take in order to create an equitable lien or mortgage is quite immaterial, for equity looks at the final intent and purpose rather than at the form. If an intent to give, charge or pledge property, real or personal, as security for an obligation appears, and the property or thing intended to be given, charged or pledged is sufficiently described or identified, then the equitable lien or mortgage will follow as of course. Robinson v. Urquhart, 12 N.J. Eq. 515;Griffin v. Griffin, 18 N.J. Eq. 104; Brewer v. Marshall,19 N.J. Eq. 537; Martin v. Bowen, 51 N.J. Eq. 452; Oliva v.Bunaforza, 31 N.J. Eq. 395; Ketchum v. St. Louis, supra;Biebenger v. Continental Bank, 99 U.S. 143; 25 L.Ed. 271;Richardson v. Wren, 11 Arizona 395; 16 L.R.A. (N.S.) 190;Hamilton v. Hamilton, 162 Ind. 430; 70 N.E. Rep. 535; Pinch v.Anthony, 90 Mass. 536; Atlantic Trust Co. v. Holdsworth,167 N.Y. 532; 16 N.E. Rep. 1106; Sprague v. Cochran, 144 N.Y. 104;38 N.E. Rep. 1000; Coman v. Lakey, 80 N.Y. 335; Payne v.Wilson, supra; Chase v. Peck, supra.
In conformity with this equitable principle, it has been held that a provision in a will charging lands with the payment of certain bequests or legacies imposes an equitable lien thereon (Grode v. Van Valen, 25 N.J. Eq. 95; Horning v.Wiederspalen, 28 N.J. Eq. 387; Blauvelt v. Van Winkle, 29 N.J. Eq. 111); that an agreement to give a mortgage on one's share of his father's estate under a will when a division is made will create an equitable mortgage thereon (Lynch v. *Page 575 Utica Insurance Co., 18 Wend. 236); and that an agreement to give a mortgage upon a specified piece of property will likewise give rise to an equitable mortgage thereon. Dean v. Anderson,supra; Clark v. Van Cleef, supra; Bridgeport Electric and IceCo. v. Meader, 72 Fed. Rep. 115; Augusta Trust Co. v. FederalTrust Co., 153 Fed. Rep. 157; In re Farmers Supply Co.,172 Fed. Rep. 518.
Nor will such an equitable lien or mortgage be precluded from coming into existence, because the owner of the property affected thereby was not such when he made the promise or agreement engendering such equitable lien. Dean v. Anderson, supra;Lynch v. Utica Insurance Co., supra; Husted v. Ingraham,75 N.Y. 251; Hove v. Elliot, 118 N.Y. 124; 23 N.E. Rep. 475;Holroyd v. Marshall, 10 H.L. Cas. 191.
Inasmuch as a mortgage is a conveyance of an interest in real property within the provisions of our statute of frauds (2 Comp.Stat. p. 2612 § 5 — Bogert v. Bliss, 148 N.Y. 194;42 N.E. Rep. 582), an agreement to give a mortgage upon land is likewise within the inhibitions of the statute and unenforceable if not in writing, unless there has been a sufficient part performance to remove it from the bar of the statute. Stoddard v. Hart,23 N.Y. 556; Sprague v. Cochran, supra; Brown v. Drew,67 N.H. 569; 42 Atl. Rep. 177; Bloomfield State Bank v. Miller,55 Neb. 243; 44 L.R.A. 387. Bogle's agreement with complainant to give the latter a mortgage on the property in question rests in parol and consequently the inquiry is: Have there here been acts of part performance sufficient to relieve from the production of a writing and the bar of the statute?
Before passing to a consideration of this question, it must not be overlooked that the statute of frauds is a personal defense, available only to him sought to be charged by the contract or to such person's legal representatives. Hoffman v. CharlestownFive Cents Saving Bank, 231 Mass. 324; 121 N.E. Rep. 15; Bailey
v. Wood, 211 Mass. 37; 97 N.E. Rep. 902; Pasquay v. Pasquay,235 Ill. 48; 85 N.E. Rep. 316; Sonnemann v. Mertz, 221 Ill. 362; 77 N.E. Rep. 550; Garry v. Newton, 201 Ill. 170;66 N.E. Rep. 267; Cannon *Page 576 
v. Castleman, 164 Ind. 343; 73 N.E. Rep. 689; Ferguson v.Boyd, 169 Ind. 537; 81 N.E. Rep. 71. And that this defense has not been pleaded nor taken advantage of by Bogle, the one here sought to be charged with the agreement to give a mortgage.
While there appears to be some authority to the contrary, nevertheless the courts of this state, as well as those of other states, have adopted the view that complete performance or payment of the money on the part of the one who seeks the enforcement of such an agreement constitutes a sufficient part performance thereof to remove it from the bar of the statute.Dean v. Anderson, supra; Clark v. Van Cleef, supra; Sprague
v. Cochran, supra; Smith v. Smith, 125 N.Y. 224;26 N.E. Rep. 259; Faster Lumber Co. v. Harlan County Bank, 71 Kan. 158;80 Pac. Rep. 49; Cole v. Cole, 41 Md. 301; Bober v. Baker,2 S.D. 261; 49 Pac. Rep. 1064.
 Dean v. Anderson, supra, is almost identical with the case at bar. There Chancellor Bloomfield (at p. 498), significantly said:
"Thus far, there is no dispute between the parties as to facts. But it is contended on the part of the defendants, that Anderson's agreement to execute a mortgage on the ferry property at Trenton created no specific lien on that property, but only a legal obligation personally binding on him, and for the breach of which the complainant can have no remedy but an action at law for damages. When the subject-matter of a contract is real estate, and a sum in damages, which is the only remedy afforded by a court of law, is not an adequate remedy for the non-performance of such contract, a court of chancery will grant relief specifically. 3 Atk. 387. * * * An agreement for a mortgage on lands is not a mere personal contract, but affects the realty, and the spirit and justice of it require a specific performance. A party requires security by mortgage because he is unwilling to trust to the personal responsibility of the person with whom he agrees, and to refuse him a remedy against the estate agreed to be mortgaged, is to deprive him of the principal security on which he relied, and to leave him to a remedy which he was unwilling to trust *Page 577 
to, and which, in most instances, would not answer the justice of the case * * *. These cases prove that an agreement in writing for a mortgage will be carried into execution by the court, and if an agreement in writing will be enforced, so will a parol agreement, unless made void, and defeated by the statute of frauds. This leads me to consider in the next place whether there are any circumstances in this case to take it out of that statute. The parol agreement for a mortgage on the ferry property is a clear subsequent agreement to that of the 22d of February, 1809, and the terms of it are distinctly and fully made out in evidence; and it as fully and clearly appears that this subsequent agreement has been fully executed on the part of the complainant. Where an agreement has been executed or in part performed by the complainant, and the acts done place him in a situation which is a fraud upon him, unless the agreement is executed, equity will not permit the defendant to protect himself from executing his part of the agreement, by pleading that it was not in writing."
The principles enunciated in the Dean Case were cited and adopted with approval in Clark v. Van Cleef, supra, where the late Chancellor Walker, said:
"The court will decree specific performance of a contract to give a mortgage upon lands, where the contract, although by parol, has been executed on the complainant's part. Dean v.Anderson, 34 N.J. Eq. 496, and reporter's note. Taking the allegations of the cross-bill to be true, which must be done on this motion, the conditions exist which entitle Mrs. Van Cleef to the relief she seeks, that is, the consideration for the mortgage passed from her, and that, too, upon her reliance upon the promise of her mother to make the mortgage claimed. On the question of want of equity generally, the defendant fails."
By its agreement with complainant prior to the sheriff's sale, Bogle, in consideration of complainant permitting it to acquire the property free of the complainant's interest therein, promised to give complainant a mortgage thereon for $8,500. Thus, the property in question was dedicated and *Page 578 
subjected to an equitable mortgage in favor of complainant which became affixed and attached thereto eo instante the property passed to Bogle. Of the existence or validity of this equitable mortgage there is and can be no doubt.
Nor can it be said that this equitable mortgage was defeated or lost because Bogle, in an attempted but ineffectual performance of its said agreement, had executed and delivered to complainant a formal mortgage. Husted v. Ingraham, supra. An equitable lien or mortgage once created is not waived, expressly or impliedly, by reason of the promisor giving and the promisee receiving a formal mortgage which, by reason of fraud, mistake or otherwise, is ineffectual in giving the specific lien which the former intended to give and the latter intended to receive; nor is it merged in any such instrument. De Puyster v. Hasbrouck,11 N.Y. 582; Payne v. Wilson, supra; Husted v. Ingraham,supra; Coman v. Lakey, supra; Perry v. Board of Missions,c., of Albany, 102 N.Y. 99; 6 N.E. Rep. 116; Smith v. Smith,supra; Hoag v. Town of Greenwich, 133 N.Y. 152;30 N.E. Rep. 842.
This now leaves for consideration only the issue whether complainant's equitable mortgage is prior and superior in lien upon the property in question to that of the judgment held by the commissioner. Notwithstanding the fact that the latter's predecessor in office entered the judgment without knowledge or notice of the existence of the agreement between complainant and Bogle, it must be held that complainant's equitable mortgage is entitled to priority.
The general lien of a judgment creditor upon his debtor's lands is subject to all such equities as existed against them in favor of third persons when such judgment was recovered, and a court of equity will so control the legal lien of such judgment as to restrict and limit it merely to the actual interest of the judgment debtor in the property, so as to fully protect and preserve the rights of persons having prior equitable liens or interests in such property. This principle is founded upon the equitable doctrine that a judgment and the legal lien of its docket bind only the actual interest of the judgment debtor *Page 579 
and is subject to all existing equities which are valid as against such debtor.
The rule that the subsequent legal title to, or lien upon, land, in order to prevail over a prior equitable title or lien, must not only have been acquired without notice of the prior equity, but must be founded upon a consideration of value moving presently from the grantee was distinctly recognized by Chief-Justice Green in Allaire v. Hartshorne,21 N.J. Law 665, and again by Chancellor Zabriskie in Mingus v. Condit,23 N.J. Eq. 313.
In Wheeler v. Kirtland's Adm'x, 24 N.J. Eq. 552, Mr. Justice Van Syckel, speaking for the court of errors and appeals (at p. 555), said (italics mine):
"An equitable mortgage for a precedent debt has no equity superior to that of a valid subsequent judgment at law. Between such contestants, the first perfected legal lien should prevail.The rule is otherwise with regard to bona fide purchasers orequitable mortgagees, where the consideration of the mortgage ispaid at the time it is given. Equity, in the latter case, regardsthe equitable mortgagee as a bona fide purchaser."
Relying upon and in consideration of Bogle's promise to give it an $8,500 mortgage on the property in question, complainant agreed to, and did, permit Bogle to acquire the mortgaged premises at the sheriff's sale, free and discharged of its mortgage lien, and this without the payment of anything to it therefor. Here the consideration of the mortgage was unquestionably given at the time of Bogle's promise to execute and deliver it upon his acquiring the property. Complainant is, therefore, an equitable mortgagee whom equity regards as a bonafide purchaser for a valuable consideration. As such, its equitable mortgage upon the property is prior and superior in lien to that of the general judgment of the commissioner and it will be so decreed. *Page 580