### WILLIAM CAMPBELL

*v.*

### CHARLES O. WEBER et al.

[Decided December 2d, 1911.]

When a husband conveys land to his wife through an intermediary and the wife joins in the deed to the intermediary and thus releases her inchoate right of dower, if the conveyances be set aside as fraudulent in favor of a creditor, the subsequent sale of the premises to make the creditor's claim will be free from the estates granted and conveyed, including the inchoate right of dower. *Belford* v. *Crane, 16 N. J. Eq. (1 C. E. Gr.) 265, 273,* distinguished.

---

On final hearing on pleadings and proofs.

*Mr. John A. Coan,* for the complainant.

*Mr. Edwin C. McKeag,* for the defendants.

WALKER, V. C.

This was a suit in aid of a judgment creditor to set aside fraudulent conveyances, which issue was determined in favor of the creditor, and the question reserved upon the hearing as to whether the wife of the defendant Weber was entitled to have an inchoate right of dower saved and protected to her.

From the cases of *Den* v. *Johnson, 18 N. J. Law (3 Harr.) 87, 97; Frey* v. *Boylan, 23 N. J. Eq. (8 C. E. Gr.) 90; Boorum* v. *Tucker, 51 N. J. Eq. (6 Dick.) 135, 147; Goodheart* v. *Goodheart,*

*63 N. J. Eq. (18 Dick.) 746; Dowes' Case, 68 N. J. Eq. (2 Robb.) 11, 16,* it appears that the wife's right of dower was extinguished when she joined her husband in the conveyance to the intermediary who conveyed to her, and, being once extinguished, cannot be revived. Her present estate in the lands in question is one of fee arising under the conveyance to her by the person who became the conduit of title, and this estate must be swept away from her because it rests upon the conveyances made to defraud the complainant, a creditor; so much, at least, as is necessary, must be swept away, but the balance, if any, will be hers, as the conveyances are good *inter partes,* and she will be entitled to any surplus that may arise upon the sale.

*Belford* v. *Crane, 16 N. J. Eq. (1 C. E. Gr.) 265,* is not in conflict with the cases above cited, as I view it. In *Belford* v. *Crane,* Chancellor Green (at *p. 273*) remarked that the land there in question had been purchased with the money of the husband, and that there was a resulting trust in his favor. The title was in the wife, and he further observed that as no actual fraud was imputed to her her interest in the property, as against the husband's creditors, would be secured to her to the extent of the value of her dower, the same as though title had been vested in the husband. Thus it appears that in *Belford* v. *Crane* the wife had never extinguished her inchoate right of dower by deed of release, but that, on the contrary, she had taken the legal title to the premises in trust for her husband, and, upon its being held that the property was his in equity, the wife's inchoate right of dower was also held to exist. However, if there be any conflict between *Belford* v. *Crane,* and the other cases referred to, as all of them except *Den* v. *Johnson* are later cases in this court, they must govern my decision.

A decree will be advised for the sale of the defendants' lands free from the estates granted and conveyed by Weber and wife to the latter through the intervention of the intermediary, including the inchoate right of dower claimed by the wife.