On April 10th, 1926, a final decree was entered in a suit to foreclose a mortgage, and on July 19th following the sale was confirmed.
On May 1st, 1926, a judgment of a district court in favor of the petitioner Altshul and against Charles O. Rollins (but not his wife) in the sum of $492.39, besides costs, was docketed in the county clerk's office of Hudson county at nine twenty-five in the morning.
On April 29th, 1926, the said Rollins and his wife conveyed their equity of redemption in the land encumbered by the said mortgage to the respondent Maus by deed which was recorded in the Hudson county register's office on the 1st day of May, 1926, at ten-fourteen in the forenoon, or exactly forty-nine minutes after the docketing of the Altshul judgment.
On May 3d, another judgment was entered in favor of the Washington Village Security Company against Rollins on a rule dated April 27th, 1926, following the filing of a relicta.
The only contest is between the petitioner and Maus. The argument on behalf of the latter is, that the judgment of the petitioner became effective to bind the lands of Rollins only upon its being docketed on May 1st; whereas the conveyance was executed and delivered two days before and, therefore, should have precedence. The difficulty with this position is the fact that the fifty-fourth section of the act on conveyances (2 Comp.Stat. p. 1553) provides that conveyances shall take effect only as of the time of recording, against subsequent judgment creditors who were without notice, and there is nothing to indicate that the petitioner was ever put upon notice as to the Maus conveyance until long after the petitioner's *Page 462 
judgment was docketed in the office of the county clerk. Giving all possible consideration to the well-reasoned argument of counsel, if this were matter to be decided solely by an application of equitable principles, it is trite to say that our system of government has delivered into the hands of the legislative branch thereof the authority to fix the public policy of the state. The clear reading of the statute shows that the legislative intention was to give protection to that instrument by which a lien is created which should first be made to appear as a part of the public records available to everyone and which operates, in the unscientific, but familiar, phrase, as notice to all the world. This construction has been uniformly placed upon the language by the decisions and is clearly expressed in the case cited by counsel for the petitioner, namely, Hunt v.Swayze, 55 N.J. Law 33.
I realize, as counsel argues on behalf of Maus, that his loss is an unfortunate one and due to no fault upon his part. A search of the records made one hour before the instant the deed was recorded would have given him no knowledge whatsoever that would have put him upon notice of the claim of the petitioner to a right to subject the land of Rollins to the satisfaction of the petitioner's judgment in the district court. It would have been impossible for the legislature, obliged as it was to formulate a rule that was to govern in any case and effect the greatest amount of good in the largest number of cases, to have expressed any rule that would not have interfered with the orderly course of business between members of the public and yet would not have been liable to overlook, or at least fail to protect everybody concerned in, a few isolated cases like the present. Here is a piece of land, or, as matters now stand, a fund which represents it, insufficient to meet the demands of everyone upon it in full. As between these two contestants, how can it be said that any injustice is worked by favoring the one who first performed an act the time of which could not possibly be in doubt, as against another who performed such an act at a demonstrably later time but who relies for preference upon an earlier date written into his muniment of title, not by a public officer having no interest except the execution of *Page 463 
his duty, but by this very claimant himself or his grantor. I do not wish to be understood from what I have said or am about to say, that this respondent has been guilty of any fraud, or intention to commit a fraud, but it is common knowledge that men have been antedating documents for the purpose of outwitting others ever since the establishment of our institutions. There is not a scintilla of proof to indicate that any such thing has been done here, but I am obliged to deal with a legislative enactment, and in seeking its meaning I have a right to suppose that it was this very exhibition of the frailty of human nature which caused that body to overlook the formal dates of instruments of title and to make, as the test, the date or recording, which experience has shown to be far more reliable.
The point made with regard to the inchoate right of dower of Mrs. Rollins would seem to be disposed of by the cited case ofCampbell v. Weber, 81 Atl. Rep. 732 (not officially reported). I must confess that I find myself of the same state of mind as the special master on this question, because I do not understand how something which is inchoate can be effectively conveyed or assigned away. She can, of course, bar her dower right by joining in a deed with her husband, but how can she convey something that has never yet come into existence and which may never materialize is not made clear to me. The estate which the respondent took from Rollins was not accompanied by any separate estate because Mrs. Rollins joined. The only effect thereof was to release the land from any possibility of her afterwards acquiring an estate therein which she did not then have, and might not ever have, even if she had not released. 19C.J. 521. And at any rate, under the Campbell Case just mentioned, her right was destroyed when she entered into the execution of the deed to Maus, and it is impossible to resurrect anything from destruction.
The only remaining point to be considered is the claim made by the respondent Maus in favor of the Washington Village and Security Company that the latter's claim is superior to that of the petitioner's. This judgment, although it was entered upon a rule therefor containing the date of April 27th *Page 464 
did not become of record until May 3d, or two days later than the docketing of the petitioner's judgment. This judgment, for the purpose of this discussion, takes effect as of the date of its entry and, therefore, is subordinate to that of the petitioner.3 Comp. Stat. p. 2956 § 2.
The exceptions will be overruled and there will be paid out of the funds in the hands of the clerk, first, the judgment of the petitioner, with costs and interest, and the balance remaining thereafter to the respondent Maus.