Elizabeth Monighoff

*v.*

James R. Sayre, Jr., et al.

In a bill filed under the act to quiet titles to land (*Rev. p. 1189*), by a wife, who claimed the title to a lot against judgment creditors of her husband, in whose name the title was accidentally taken, it appeared from the averments that the wife claimed, and intended to claim, the title in herself anterior to the date of her husband's pretended title, which was obtained after the recovery of the judgment.—*Held*, that it was a sufficient statement of her title, and that it is not necessary for complainant to set out the adverse claim and to show how or why it is invalid.

Bill to quiet title.   On general demurrer.

*Mr. J. J. Hubbell*, for complainant.

*Mr. F. H. Pilch*, for demurrants.

The Chancellor.

This is a bill to quiet title, filed under the act of 1870. *Rev. p. 1189.* It states that the complainant, who is the wife of William Monighoff, whom she married in 1877, is the owner of a lot of land in Newark, described in the bill; that the deeds therefor are in her possession; that shortly after her marriage to Monighoff she discovered that a mortgage, held by the Firemen's Insurance Company of Newark, embracing that lot, with other land, had been foreclosed; that she bought it in at the sheriff's sale under the foreclosure, and paid the purchase-money out of her separate estate; that the deed (which was dated May 21st, 1878) was, without her knowledge, made to her husband, who, however, does not claim, and never has claimed, to hold the property under it for his own benefit, nor in any other way than as trustee for her; that so soon as she learned that the title did not stand in her name, she caused it to be transferred to her,

8

and accordingly, in January, 1884, her husband conveyed the property to her through an intermediate conveyance; that she has always been in possession of the premises and has collected the rents; that the defendants, James R. Sayre, Jr., and James S. Higbee, claim to have a lien upon the property by reason of a judgment recovered by them in the circuit court of Essex county, in 1875, against William Monighoff and others, and that no suit is pending to enforce or test the validity of the claim. The object of the bill is to bring the validity of that claim to a judicial decision.

The principal ground of objection is that the averments of the bill are not sufficiently particular and explicit. Certainty to a common intent is all that is required in equity pleadings. In this case, while the allegations in regard to the complainant's ownership of the property before the foreclosure sale are not explicit, yet it is apparent from them that she claims, and intended by the bill to claim, that she was the owner, not only before the foreclosure sale, but also before her marriage to Monighoff, and that he never had any title to the property before he got it under that sale. The sheriff's deed was dated in 1878, and the judgment of Sayre and Higbee was recovered in 1875; so that it would seem that any lien which they may claim is based upon Monighoff's title under the sheriff's deed.

The statements in support of the averment, that the lien of the judgment was cut off by the foreclosure sale, are not clearly made, but they are not material. In such a suit as this it is not necessary to set out, in the bill, the adverse claim, and show how or why it is invalid. *Southmayd* v. *Elizabeth, 2 Stew. Eq. 203; Ludington* v. *Elizabeth, 5 Stew. Eq. 159.* The bill contains all the averments necessary to entitle the complainant to maintain her suit under the statute. The demurrer will be overruled.