JOSEPHINE KERN DODGE et al.

*v.*

MARY A. JORDAN, administratrix, &c., et al.

[Submitted November 25th, 1919.   Decided November 28th, 1919.]

1. The question of whether the complainants have misconceived their form of action cannot be seized upon to strike out a replication.

2. On a bill to quiet title where it appears that the conveyance under which the defendant claims was in effect a mortgage, and that there is a balance of the mortgage debt due, the court will ascertain the amount of such balance, and permit the complainants to redeem.

---

On motion to strike out replication.

*Messrs. Pierson & Schroeder,* for the motion.

*Mr. James R. Nugent, contra.*

BACKES, V. C.

This bill is to quiet the title to an undivided half interest in waste lands in Newark, and is drawn strictly in accordance with the act to quiet titles. *Comp. Stat. p. 5399.*

The complainants claim by inheritance from separate ancestors, who acquired title by descent from a common ancestor, and allege that they have been paying the taxes for more than five years. The usual charge is made against the defendant Mary A. Jordan, administratrix of the estate of Cornelius Poillon, and, individually, that she denies the complainants' title and claims some adverse right, title or interest.

Mrs. Jordan answers, admitting the title to have been in the ancestors of the complainants, but sets up that they were indebted to her intestate, and that she, as administratrix, in 1879, recovered a judgment against them in the supreme court of the State of New York for $8,979.72; that she released the judgment upon the payment by the said ancestors of $2,000 in cash the assignment of an interest in an estate of the value of $1,500, and by a conveyance of the land in question, the agreement being

"that this defendant (Mrs. Jordan), as such administratrix, should, upon sale and conveyance of the same, after the payment of said judgment and expenses, account and pay over to the said Dodge and Mapes (complainants' ancestors) any surplus after such payment thereof, with interest and expenses."

She further alleges that she has not received sufficient moneys to pay off the judgment, and that the title to the one-half interest is in her in fee.

The complainants, in reply, join issue upon, or admit or deny, severally, the first thirteen paragraphs of the answer. In the remaining paragraphs, 14 to 21, inclusive, they admit the indebtedness of their ancestors to Poillon, the intestate, but say the debt, initially, was $3,800, evidenced by a bond in the penal sum of $7,600, and that the judgment recovered in New York was for the penalty, interest and costs. They further admit the liquidation of the judgment by the payment of the $2,000 in cash, the assignment of the estate of $1,500 and the conveyance of the land in question upon the agreement just related, and as to this conveyance they charge that it was in the nature of a mortgage to secure the balance of the debt; that the debt was paid in full by their ancestors, and that in acknowledgment Mrs.

Jordan, as administratrix, reconveyed the lands by a deed which has become lost. The complainants offer to pay, if the debt has not already been paid, the balance that may be due, and to that end ask that the administratrix account, so that it may be ascertained whether the debt has been satisfied.

The defendant moves to strike out paragraphs 14 to 21, or the material parts thereof, and the outstanding ground, running through the multitude of reasons assigned, is, that it discloses that the complainants have a direct remedy in equity by bill to redeem the lands, and that, consequently, relief cannot be had by means of a bill to quiet the title, and her counsel cites in support of this position *Jersey City* v. *Lembeck, 31 N. J. Eq. 255; VanHouten* v. *VanHouten, 68 N. J. Eq. 358; Fittichauer* v. *Metropolitan Fire Proofing Co., 70 N. J. Eq. 429; McClave* v. *McGregor, 72 N. J. Eq. 218.*

In defining the scope of the act, and its place and function in our jurisprudence, Chief-Justice Beasley, in the *Lembeck Case,* held that it did not supplant prevailing remedies at law and in equity for the purging of titles to land; and that as these inherent remedial methods were constitutionally vested in the courts, and, consequently, unalterable by the legislature, the provisions of the act were exclusive of causes where common law and equity procedure were available and adequate. These principles were applied by this court in the opinions in the cases just cited. They are not, however, relevant on this motion. The replication quite properly pleads the deed to be a mortgage, that it has been paid, or, if not paid in full, is subject to redemption by the complainants, which right they seek to exercise upon ascertainment of the amount due. (The allegation of a lost reconveyance is parenthetic and not for special relief.) This goes in avoidance of the defence of title in fee in the defendant, set up by the answer; is in amplification of the allegations therein contained tending to show the deed to be a mortgage, and is in denial of the allegation that the mortgage debt is unpaid. The fact that these things, alleged in avoidance, make it appear, in view of the doctrine above expressed, that the complainants have misconceived their form of action, cannot be seized upon at this time to strike out the reply. They may furnish grounds for dis-

missing the bill on final hearing, because the appropriate action is by bill to redeem, which question is not now before me, but, if ultimately it should be decided upon such a contention that the bill is maintainable in its present form, the matters set up by the replication would undoubtedly be pertinent. It will be found, upon examination of the cases above cited, that the rights of the complainants therein to maintain their actions were contested on final hearing—on issue joined or upon demurrer.

A further reason for denying the motion is, that the so-called new matters introduced by the replication are simply in explanation and clarification of the allegations of the answer, that the deed is, in effect, a mortgage. Pleading them was unnecessary. The issues thus more plainly put would have been triable upon the filing of the common replication, for, upon a showing at the hearing that the defendant's deed was a mortgage and had been paid, the cloud of the defunct document would doubtless be removable on this bill. And I am also of the opinion that if it were to appear that there was a balance due, the court would ascertain the amount and permit the complainants to redeem. *Devine* v. *Franks, 47 Atl. Rep. 228,* is authority. There Vice-Chancellor Emery held that "the court has jurisdiction; the defendant's claim being that of a lien upon complainant's land under a sale for taxes, as to which lien, if it exists, the complainant has a right of redemption. By the act quieting titles, under which the bill is filed, the court is required by the final decree to fix and settle the rights of the parties in the lands. Equity has jurisdiction for the purpose of redeeming lands from taxes (*Culver* v. *Watson, 28 N. J. Eq. 548*), and, therefore, in fixing the rights of the parties in the land, would clearly have the right to determine whether defendant's lien existed, and to what extent, and whether complainant had the right to redeem. *Baldwin* v. *City of Elizabeth (Chancellor Runyon, 1886), 42 N. J. Eq. 11; 6 Atl. Rep. 275,* approved on this point. *In re Commissioners of the City of Elizabeth, 49 N. J. Law 488, 507; 70 Atl. Rep. 363,* is an authority for the jurisdiction. The *Lembeck Case, 31 N. J. Eq. 255,* does not apply to the case."

The motion will be denied, with costs.