JOSEPH A. CHARETTE, complainant,

*v.*

ADOLPH FRUCHTMAN et al., defendants.

[Decided March 1st, 1932.]

*Mr. Edward R. McGlynn,* for the complainant.

*Messrs. Braelow & Tepper,* for the defendants.

BACKES, V. C.

The complainant is in peaceable possession under claim of ownership of the land described by the courses and distances of the solid lines of this survey:

His title deeds misdescribe the land as indicated by the broken lines of the survey. Barnet Plotkin had a perfect title. He sold the land to Reliable Service Station and con-

veyed it by deed dated November 27th, 1927, duly recorded. His deed contained the first misdescription. Six mesne conveyances and the deed to the complainant, dated March 24th, 1930, misdescribe the land in the same manner. The owners, from Plotkin down to and including the complainant, were all in possession during their ownership and each intended to convey the lot. While the complainant's immediate predecessor was in possession, November 6th, 1929, one Fruchtman recovered a judgment in the supreme court against Plotkin for $1,570.75 and his assignee, Isaac Perlman, the only answering defendant, sets it up as a lien upon so much of the complainant's lot as lies outside the misdescription.

The lien of the judgment is purely accidental. The misdescription was the blunder either of the surveyor or of the scrivener of the parent deed. Had the third course run southwest instead of southeast and the fifth course southwest instead of northeast, using the same distances, the boundary lines would have tied in at the established beginning point of the survey, whereas the last course of the misdescription bisects the lot and extends beyond the boundary and across the street somewhere. The error is palpable. No examiner of the title, comparing the description by which Plotkin held with the one by which he conveyed, could have a shred of doubt as to the lot intended to be transferred. The obviousness of the slip in the two courses makes for the identification of the lot. Mr. Justice Van Syckel said in *McLaughlin* v. *Bishop, 35 N. J. Law 512:* "* * * if the tract intended to be conveyed is indicated with reasonable certainty, it will pass by the conveyance, that the intent of the parties may prevail, although in some respects the description is erroneous." *Boon* v. *Pierpont, 28 N. J. Eq. 7,* is an illustration of misdescription that was not allowed to obscure the intention and invalidate a conveyance. It is perfectly plain that the apparent supremacy of the lien of the judgment is entirely fortuitous. It intervened with notice of existing rights. If the judgment creditor himself searched the record, he had actual notice, and if not, the record was constructive notice. Furthermore, the visible, open and notorious possession of

the land by the successive owners put him on notice. *Majewski* v. *Greenberg, 101 N. J. Eq. 134.* The record of deeds gives priority. *Comp. Stat. p. 1552 § 43.* Notice of the deed subordinates the judgment. *Comp. Stat. p. 1553 § 54.* The rights of both parties are legal; the prior legal right of the complainant prevails over that of the defendant, and the judgment being a cloud on the title, the complainant is entitled to relief and to have his title quieted.

The defendant contends that the only means of effacing the judgment as a lien is by reformation of the parent deed and the mesne conveyances; that the complainant is without remedy because the relief by reformation is personal to the parties to the mutually mistaken instrument, and that the right does not pass with the conveyances, citing *Norris* v. *Colorado Turkey Honestone Co., 22 Col. 162; Waters* v. *Massey-Harris Harvester Co., 86 Col. 98.* Whatever may be the practice in that jurisdiction, it may be said with assurance that if the complainant had not the present remedy, equity would not permit him to suffer a wrong for want of a precedent. However, a bill to reform to correct the description would have no useful purpose, for Plotkin gave the complainant a corrective deed, April 1st, 1931.

There will be a decree quieting the title.