THE HACKENSACK TRUST COMPANY, as trustee, &c.,
complainant,

*v.*

WILLIAM H. KELLY, as commissioner of banking and insurance of the State of New Jersey, et al., defendants.

ANTHONY VYBORNY et al., appellants,

*v.*

THE HACKENSACK TRUST COMPANY, as trustee, &c., WILLIAM H. KELLY, as commissioner of banking and insurance of the State of New Jersey, and NORTH JERSEY TITLE INSURANCE COMPANY, respondents.

[Submitted May term, 1936. Decided October 2d, 1936.]

*Mr. John Milton,* for the respondent The Hackensack Trust Company.

*Mr. George F. Losche,* for the respondent trustees of the North Jersey Title Insurance Company.

*Mr. Louis J. Cohen,* for the respondent commissioner of banking and insurance of the State of New Jersey.

*Mr. William Harris,* for the appellants.

The opinion of the court was delivered by

WOLFSKEIL, J.

This is an appeal from an order of the court of chancery dismissing the petition of appellants filed in the cause entitled "The Hackensack Trust Company, as Trustee, &c., complainant, and William H. Kelly, as commissioner of banking and insurance of the State of New Jersey, et al., defendants."

Upon examination of the record it appears that North Jersey Title Insurance Company, a corporation of this state, engaged in the business of loaning money on bonds and mortgages on real estate sold participation certificates to the public. The Hackensack Trust Company was its trustee and the bonds and mortgages were deposited with it by the North Jersey Title Insurance Company as security for the certificates. A bill was filed by The Hackensack Trust Company asking leave to pay taxes and assessments which had accrued against various of the mortgaged properties against which participation certificates had been issued by the Title Company. The court directed this to be done and held the bill in order "that the complainant or any other party in interest may apply to this court for such further relief, orders, instructions and directions with respect to the subject-matter of the said bill and of the trust therein referred to as may from time to time be made by any party in interest as aforesaid upon at least five days' notice to the solicitors of the parties who have appeared herein or who may subsequently appear herein."

Some months thereafter appellants, holders of certificates issued by the Title Company, filed a voluminous petition in this cause alleging, among other things, that certain of the directors of the Trust Company had organized a separate corporation known as The Belhall Company, through which

they had obtained large sums of money from the Title Company, giving as security mortgages covering properties that were not worth the amounts advanced, and generally presented a state of affairs which, if true, would seem to entitle the petitioners to equitable relief.

The prayer of the petition was that The Belhall Company and the North Jersey Title Insurance Company be joined as party defendants to this suit, that The Hackensack Trust Company be removed as trustee, that a receiver or trustee be appointed for The Belhall Company, and for an accounting. Now in the meantime a petition had been filed by the Title Company itself under chapter 3 of the laws of 1934, admitting financial difficulty and asking for the appointment of trustees, whereupon the court appointed the commissioner of banking and insurance and two individuals to supersede The Hackensack Trust Company and to take over the affairs of the company pursuant to the provisions of the act.

The sole question raised on this appeal is the strict one as to whether or not these certificate holders might appear by petition in this cause when the object for which the bill was filed, *i. e.*, payment of these taxes and assessments by the Trust Company out of the moneys it had in hand for the Title Company, had been disposed of.

Appellants argue that the court had jurisdiction and that the answering affidavits which were filed on behalf of The Hackensack Trust Company made it almost imperative upon the court to entertain the petition. While it is undoubtedly true that a court of equity having once acquired jurisdiction of a cause has the right to settle all matters of controversy arising therein and within its powers, this is not an inflexible rule which it is bound to follow in every case that comes before it. *Shaw* v. *G. B. Beaumont Co., 88 N. J. Eq. 333.* The application of the rule rests in the discretion of the court. Likewise, while a court of equity having jurisdiction for one purpose may go forward and give full relief as to all matters comprehended in the pleadings and that are within its powers, still it is limited in the relief it may grant to allegations of the bill or other pleading and cannot decree beyond their scope. *10 R. C. L. 374.*

As a matter of strict construction in the instant case the prayer of the original bill had been determined and the bill and cause were only being held to deal with matters incidental to the prayer and the object of the bill. Certainly a petition seeking the removal of a trustee, joinder of new parties and for an accounting, is in no way cognate or germane to a suit brought by a trustee for instructions from the court. Therefore, even though the court had jurisdiction, its refusal to consider the subject-matter of the petition because of the numerous issues therein raised, was an exercise of sound discretion which was justified under the circumstances.

The order appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.