## TOWER PRODUCTION CO. v. JONES, Collector of Internal Revenue, et al.

### No. 811.

District Court, W. D. Oklahoma.
June 27, 1942.

Paul G. Darrough, of Oklahoma City, Okl., and Valjean Biddison, of Tulsa, Okl., for plaintiff.

Charles E. Dierker, U. S. Atty., and George H. McElroy, Asst. U. S. Atty., both of Oklahoma City, Okl., for defendant H. C. Jones.

594

VAUGHT, District Judge.

A brief review of the facts is necessary to a clear understanding of this opinion. Commercial oil and gas leases were owned by C. S. Davis and others, hereinafter referred to as "Davis and associates." On September 23, 1932, Davis, for himself and certain of his associates, entered into an agreement in writing with Ben H. Wofford whereby certain interests in said leases were to be assigned to Wofford in return for his drilling certain wells thereon. At that time Wofford was president and owned practically all of the stock of Wofford Drilling Company, an Oklahoma corporation, and of Sovereign Oil Corporation, a Delaware corporation.

On October 6, 1932, Wofford filed a lis pendens notice in Oklahoma County, Oklahoma, personally claiming to be the owner of an undivided one-half interest in such leases.

On November 7, 1932, Davis and associates entered into contracts with Wofford (individually) replacing the tentative agreement of September 23, 1932, whereby Wofford was to receive a one-half interest in the oil and gas leases in consideration for Wofford's drilling wells on the lands involved, after said lands had been zoned for drilling.

On November 26, 1932, Wofford entered into a contract with Albert S. Clinkscales and Harry J. Brown wherein it was set out that the two corporations of Wofford aforesaid were in financial difficulties and it was the desire of the parties to render assistance to said corporations. All of the assets of Sovereign Oil Corporation had been transferred to Wofford Drilling Company on November 23, 1932, and the latter company in the contract of November 26 assumed all of Sovereign's outstanding obligations and liabilities. It further provided that the aforesaid contracts between Wofford and Davis and associates (for an undivided one-half interest in the leases involved), were to be assigned and transferred to Wofford Drilling Company, and that one-half of the authorized capital stock of Wofford Drilling Company was to be assigned to Clinkscales and Brown in consideration for their obtaining drilling contracts for and performing personal services for said corporation. Brown assigned all of his interest in said contract to Clinkscales. On the same date, November 26, 1932, (apparently by agreement of aforesaid parties) Wofford Drilling Company was placed in receivership by this court in cause Number 1424-Equity, said Harry J. Brown was appointed receiver, and, according to his testimony, took over Wofford's interest in the leases in question with the other assets of the above corporations.

This was the situation on December 2, 1932, when the United States, through its Collector of Internal Revenue (hereinafter referred to as "Collector"), filed of record in Oklahoma County, Oklahoma, its lien statement Number 1279 covering additional 1930 income taxes due and owing by Ben Wofford, individually. The Collector had received the assessment list on October 11, 1932. Unquestionably it impressed a lien upon Wofford's individually owned property from that date, but it was not valid as against any mortgagee, pledgee, purchaser or judgment creditor until notice thereof had been filed. 26 U.S.C.A.Int. Rev.Code, § 3672.

According to the complaint, a warrant of distraint was issued by the Collector on November 25, 1932, and the plaintiff prays that same be quashed.

On June 28, 1933, Ben H. Wofford assigned an undivided one-fourth interest in the oil and gas leases in question to Unity Petroleum Company, pursuant to an agreement made by Harry J. Brown, receiver for Wofford Drilling Company, whereby said Unity Petroleum Company agreed to finance the drilling of the wells, and, by the same instrument, Wofford conveyed the other undivided one-fourth interest in said leases to said Harry J. Brown, receiver. Such assignment was filed of record in Oklahoma County on July 26, 1933.

Thereafter, Wofford Drilling Company was reorganized under section 77B of the Bankruptcy Law, 11 U.S.C.A. § 207, as Tower Production Company, and the creditors of Wofford Drilling Company became the stockholders in said Tower Production Company. Oil wells were drilled upon the leases in question and have produced oil which has been purchased by the defendant Anderson-Prichard Refining Corporation.

On April 19, 1938, a levy was filed by the Collector with the defendant Anderson-Prichard Refining Corporation for the purpose of impressing the above mentioned income tax lien of Ben Wofford upon the proceeds of production accruing to the account of

Tower Production Company, and on January 29, 1939, said Collector served upon the refining corporation a final notice and demand for performance in such matter. It was such act, in all probability, that caused the filing of the first action (No. 138-Civil) in this court on March 15, 1939, which resulted in a judgment determining that Ben H. Wofford had no interest in the oil and gas leasehold estates to which the tax lien in favor of the United States could attach when the notice of lien was filed on December 2, 1932.

In that case the United States and Jones, Collector of Internal Revenue, appealed and the Circuit Court of Appeals, Tenth Circuit, reversed the judgment and remanded the cause, with instructions to dismiss the complaint because it was an action to remove a tax lien as a cloud upon plaintiff's title and amounted to a suit against the United States without its consent. Jones, Collector of Internal Revenue, et al. v. Tower Production Co., 10 Cir., 1941, 120 F.2d 779, 782. Therein the plaintiff urged the Circuit Court to enjoin the Collector from enforcing the levy. Denying such plea, that court said:

"That would be a departure from the theory upon which the case was presented and tried below. Neither the pleadings nor the prayer for relief of the complaint below indicated that the United States or the collector would be called upon to defend against a claimed right for injunctive relief.

"* * * we think it would be inappropriate for us to determine on this record whether the Production Company is entitled to injunctive relief."

Thereafter, on July 8, 1941, the present action was filed. The United States was not made a party defendant. The plaintiff prayed the defendant Collector be temporarily and permanently enjoined from enforcing the alleged lien (against Ben H. Wofford) upon the property of plaintiff, and from prosecuting a warrant of distraint and levy against the property of plaintiff in the hands of the defendant Anderson-Prichard Refining Corporation, and that said warrant of distraint and levy be quashed.

It thus appears that the plaintiff in this action has reframed its pleadings for the injunctive relief against the defendant Collector, to which the Circuit Court held it was not entitled under the pleadings in the former action.

The defendant Collector has asserted three defenses:

(1) That this court lacks jurisdiction because the United States of America is the real party in interest and has not consented to be sued herein;

(2) That the complaint fails to state a claim against the defendant upon which relief can be granted; and,

(3) That the judgment in the former case is final, the issues herein involved were determined, or could have been determined, and are now res judicata between the parties.

The first two defenses will be considered together. The question to be decided is: Does the complaint, which does not run against the United States, state a claim upon which the plaintiff is entitled to injunctive relief against the Collector?

In Long v. Rasmussen, D.C.Mont.1922, 281 F. 236, the Collector of Internal Revenue distrained property of one Edna Long to collect distilled spirits taxes and penalties assessed against one Wise. The court determined that the suit by a nontaxpayer to enjoin the collector from seizing his property for taxes owing by another is not a suit against the United States, but is against an individual who, as an officer, is acting outside the scope of his authority. The situations are practically analogous in that case and the one under consideration.

The Circuit Court of Appeals, Tenth Circuit, has held to the same effect in Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934, and enjoined the collector of internal revenue from distraining wife's property for husband's taxes.

The recent case of Rothensies v. Ullman, 110 F.2d 590, decided by the Third Circuit Court of Appeals on March 15, 1940, is to the same effect.

It is noted in the three authorities abovementioned that the property against which the levy was made was not the property of the delinquent taxpayer. Therefore, before the holding in those cases can benefit the plaintiff in this action, it must be determined that the property here in question, now belonging to the plaintiff, was not the property of the taxpayer Ben H. Wofford at the time the notice of income tax lien was filed.

The Collector's third defense, that of res judicata, is without merit. The Circuit Court held in the prior action that the trial court had no jurisdiction to grant the

relief prayed for and directed the dismissal of the complaint. This left the parties where they were before the former case was filed, except that the plaintiff was precluded from suing to remove the tax lien as a cloud upon its title as against the United States without bringing such suit against it in the manner provided by statute.

There remains but to decide whether Ben H. Wofford owned an interest in the oil and gas leasehold estates involved on December 2, 1932, when the United States filed its notice of income tax lien against him.

Ben H. Wofford was president of both Wofford Drilling Company and Sovereign Oil Corporation at all the times in question. His testimony indicates that he did business for his companies frequently in his own name, and it is impossible to escape the conclusion that he intended the contract with Davis and associates to be performed by one of his corporations, and not by himself individually. He stated:

"I owned both companies, and I just used the property to the best advantage. * * * I expect the Sovereign could have handled it better than the Wofford Drilling Company did because it wasn't so involved. * * * I had the Sovereign Oil Corporation in mind because I had my own tools."

His subsequent acts are further proof of his intentions. He contracted with Albert Clinkscales and Harry J. Brown some nineteen days after signing the contract with Davis and associates, agreeing that the leasehold interests therein acquired should be assigned to Wofford Drilling Company and that Wofford Drilling Company should acquire all assets and assume all obligations and liabilities of Sovereign Oil Corporation. The record indicates that the actual transfer from Sovereign to Wofford Drilling Company was made three days earlier, on November 23, 1932. Later, in June, 1933, Wofford assigned the undivided one-half interest in the Davis and associates contracts, one-fourth to Harry J. Brown, receiver for Wofford Drilling Company, and one-fourth to Unity Petroleum Company, pursuant to a contract made by the receiver. He testified that such assignment was for the benefit of creditors of Wofford Drilling Company. The wording of the assignment is to the same effect.

The oil and gas leases were never assigned to Ben H. Wofford individually. His assignment, as noted, was of the rights which he acquired under the contracts with Davis and associates.

With relation to the negotiations leading up to the execution of the contracts between Wofford and Davis and associates, Davis was asked at the trial in the original case what representations were made to him as to the parties with whom he was dealing. He answered:

"Wofford took me around and showed me his drilling rigs, showed me his airplanes, showed me his big office downtown, entertained me over at Tulsa, represented that his company was fully capable of drilling these wells."

L. J. Horwitz, one of Davis' associates, with relation to his negotiations with Wofford, was asked: "On whose behalf was it your understanding that he was making this contract with you for the drilling of these leases?" He answered: "With his drilling company."

Charles B. Cook, another of Davis' associates, was asked: "With whom did you understand you were dealing with?" He testified: "I understood we were dealing with the Wofford Drilling Company."

The testimony appears convincing that Ben H. Wofford was dealing for Wofford Drilling Company, as his subsequent assignment indicates, and overcomes his testimony that he contracted for an undivided one-half interest in the leases in his individual capacity.

Furthermore, said Ben H. Wofford stood in a fiduciary capacity in relation to Wofford Drilling Company and had no right to contract for himself individually in competition with such corporation. The law will presume, under the circumstances present here, that Wofford was dealing for his corporation, and that any interests acquired in his own name were in fact taken in trust for said corporation. See 19 C.J.S., Corporations, § 785; Thompson on Corporations, 2nd Ed., §§ 1215, 1216 and 1219; Dunnett v. Arn, 10 Cir., 71 F.2d 912; Jackson v. Ludeling, 21 Wall. 616, 88 U.S. 616, 22 L.Ed. 492; Bisbee v. Midland Linseed Products Co., 8 Cir., 19 F.2d 24; Trice v. Comstock, 8 Cir., 121 F. 620, 61 L.R.A. 176.

Under the above authorities and based upon the evidence in this case, it is the opinion of this court that Ben H. Wofford never at any time had any individual interest in the oil and gas leases here in-

volved to which the income tax lien of the United States could attach.

■ The plaintiff is a nontaxpayer upon whose property the Collector is attempting to levy to collect the taxes of another. It is, therefore, the opinion of this court, upon authority of cases heretofore mentioned, that the United States is not a necessary party defendant in this action, and that this court has jurisdiction to grant the relief for which plaintiff prays.

Judgment will be for the plaintiff, quashing the warrant of distraint and levy, permanently enjoining the defendant Collector from prosecuting the warrant of distraint and levy upon the property of plaintiff, and from enforcing the alleged income tax lien of the United States against Ben H. Wofford upon the property of plaintiff. The defendant Anderson-Prichard Refining Corporation will be directed to free and release to the plaintiff all funds in its hands belonging to the plaintiff. Exceptions allowed.

A form of judgment consistent with this opinion may be submitted, together with findings of fact and conclusions of law.