## TOWER PRODUCTION CO. v. UNITED STATES et al.

### Civil Action No. 811.

District Court, W. D. Oklahoma.

July 2, 1945.

Paul G. Darrough, of Oklahoma City, Okl. (of Brown, Darrough & Ball, of Okla-

homa City, Okl.), and Valjean Biddison, of Tulsa, Okl., for plaintiff.

Charles E. Dierker, U. S. Atty., and John Brett, Asst. U. S. Atty., both of Oklahoma City, Okl., for defendants United States and H. C. Jones.

Jarman & Jarman, of Oklahoma City, Okl., for defendant Anderson-Prichard Refining Corporation.

VAUGHT, District Judge.

A review of the history of this litigation is necessary to a clear understanding of this opinion.

It appears that Ben H. Wofford was indebted to the United States Government for certain income taxes assessed against him for the year 1930 amounting to $1,379.-84, with interest thereon. Notice of this tax lien was filed in the office of the county clerk of Oklahoma County, Oklahoma, on December 2, 1932. A portion of this tax subsequently was collected by the Collector of Internal Revenue out of the bankruptcy case of Ben H. Wofford in the Northern District of Oklahoma.

Two actions growing out of this claim have been filed in this court. The first one is Cause Number 138—Civil, Tower Production Company v. H. C. Jones, Collector of Internal Revenue, et al. The plaintiff therein claimed it was the owner of the property out of which the Collector sought to collect the tax and that Ben H. Wofford at no time owned any interest in the property. The trial of the cause resulted in a judgment determining that Ben H. Wofford had no interest in the oil and gas leasehold estates to which the tax lien in favor of the United States could attach when the notice of the lien was filed on December 2, 1932. The Circuit Court of Appeals, Tenth Circuit, reversed the judgment and remanded the cause with instructions to dismiss the complaint because it was an action to remove a tax lien as a cloud upon plaintiff's title and amounted to a suit against the United States without its consent. Jones, Collector of Internal Revenue, et al. v. Tower Production Co., 1941, 120 F.2d 779, 782. Tower Production Company urged the Circuit Court to enjoin the Collector from enforcing the levy. Denying such plea, the court said:

"* * * That would be a departure from the theory upon which the case was presented and tried below. Neither the pleadings nor the prayer for relief of the complaint below indicated that the United States or the collector would be called upon to defend against a claimed right for injunctive relief.

"* * *, we think it would be inappropriate for us to determine on this record whether the Production Company is entitled to injunctive relief."

Thereafter, on July 8, 1941, the present action was filed, Number 811—Civil, Tower Production Co., a Corporation, v. H. C. Jones, Collector of Internal Revenue of the United States of America, and Anderson-Prichard Refining Corporation, a Delaware corporation. 45 F.Supp. 593. The United States was not made a party defendant. The plaintiff sought to enjoin the Collector from enforcing the asserted lien upon the property claimed to be owned by Ben H. Wofford, which property the plaintiff claimed was owned by it. The cause was tried to the court and the issues determined in favor of the plaintiff. A decree was entered permanently enjoining the Collector of Internal Revenue from further attempting to enforce the lien out of the property in question. An appeal from the judgment was duly perfected to the Circuit Court of Appeals, Tenth Circuit, and the cause was reversed with directions, Jones, Collector of Internal Revenue, et al. v. Tower Production Co., 1943, 138 F.2d 675, 677. The court said:

"The pleadings presented substantial issues of fact and law. There was evidence to support a finding that the beneficial title to an undivided one-half interest in the leases vested in Wofford in 1932, and that the tax lien of the United States attached to Wofford's interest therein, although the trial court ultimately decided that issue in favor of Tower. In order to grant the relief prayed for, it was necessary to adjudge whether the beneficial title to the undivided interest in the leases which Tower now owns ever vested in Wofford and whether the lien of the United States attached thereto and the funds derived therefrom. The real purpose of the action was to secure an adjudication that the beneficial title to an undivided one-half interest in the leases never vested in Wofford and that the tax lien of the United States never attached thereto. It was not the simple case where a Collector seeks to collect by distraint the taxes of one person out of the property of another. There was a real controversy, presenting substantial issues of law and fact, respecting the title to an interest in the leases and the funds and the claim that the lien of the United States

attached thereto. It was necessary to determine that controversy before the relief sought could be granted. It was, in substance, an action to determine title and the rights of the United States under a tax lien asserted by it against such interest and the funds. Upon the issues thus presented, the United States was entitled to be heard. The question of whether a suit is against the United States is not to be determined by the mere nominal party on the record, but by the issues presented and the effect of the judgment which can be entered in response to those issues. The judgment entered in the instant case, in effect, removed the lien as a cloud upon the leases and the funds and directed the payment of the funds to Tower. We conclude that it was a suit against the United States.

"The United States now can be made a party to the action under the Act of December 2, 1942 [28 U.S.C.A. § 901 et seq.], and the rights of Tower and the United States can be fully adjudicated and a binding decree entered.

"The judgment is reversed and the cause remanded with instructions to permit the pleadings to be recast and the United States brought in as a party defendant."

Pursuant to and in compliance with these instructions, on January 21, 1944, the court permitted the plaintiff to file an amended and supplemental complaint in which the United States was made a party defendant, the allegations are in substance the same as in the original complaint and the relief sought is the same.

On May 26, 1944, the defendant United States filed its answer and set up three defenses.

First. The court lacks jurisdiction to entertain the suit for the reason that the United States of America has not given its consent to be sued in the manner herein involved.

Second. The amended and supplemental complaint has failed to state a claim against the United States upon which relief can be granted.

Third. It denies all paragraphs of the plaintiff's complaint except paragraphs 1 and 3 and a portion of paragraph 6, as shown by its answer.

The defendant Anderson-Prichard Refining Corporation filed its answer and alleged it had been running regularly the oil produced from the property and is holding in suspense certain funds accrued from the sale thereof, subject to the order of the court as to the disposition thereof.

Upon the issues thus joined the cause came on for trial March 12, 1945. The evidence submitted was substantially the same as that offered at previous hearings, with some additional testimony by the parties, none of which changes the view of the court in its findings heretofore made, and the court holds that such findings apply with equal force to the new defendant, the United States of America, unless the defenses interposed by its answer change the situation.

■ The first two defenses will be considered together and are disposed of in Jones v. Tower Production Co., supra, 10 Cir., 138 F.2d 675, wherein the court said:

"* * * In our former opinion, we did not refer to the Act of March 4, 1931, 46 Stat. 1528, 28 U.S.C.A. § 901 et seq., an act to permit the United States to be made a party defendant in certain cases, because that Act then only applied to suits brought 'for the foreclosure of a mortgage or other lien upon real estate, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises involved.'

"The Act of March 4, 1931, was amended by the Act of December 2, 1942, 56 Stat. 1026, 28 U.S.C.A. § 901 et seq. Section 1, as amended, reads as follows:

" 'Upon the conditions herein prescribed for the protection of the United States, the consent of the United States is given to be named a party *in any suit which is now pending or which may hereafter be brought* in any United States district court, * * * having jurisdiction of the subject matter, *to quiet title to* or for the foreclosure of a mortgage or other lien upon real estate *or* personal property, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim *on the premises or personal property involved.*' (Italics ours.)

* * * * *

"The United States now can be made a party to the action under the Act of December 2, 1942, and the rights of Tower and the United States can be fully adjudicated and a binding decree entered."

■ On the second defense, under the same allegations as we have now in the amended and supplemental complaint, the court said:

"The pleadings presented substantial issues of fact and law. * * * In order to grant the relief prayed for, it was necessary to adjudge whether the beneficial title to the undivided interest in the leases which Tower now owns ever vested in Wofford and whether the lien of the United States attached thereto and the funds derived therefrom. * * * It was, in substance, an action to determine title and the rights of the United States under a tax lien asserted by it against such interest and the funds. Upon the issues thus presented, the United States was entitled to be heard. * * *"

Thus, since the United States is now properly a party defendant the suit becomes one of fact to be determined from the evidence presented. Under these facts this court heretofore has found the issues of fact in favor of the plaintiff and still so finds them.

It is therefore the opinion of the court that judgment be for the plaintiff quashing the warrant of distraint and levy, permanently enjoining the defendant Collector of Internal Revenue and the defendant United States of America from prosecuting the warrant of distraint and levy upon the property involved, and from enforcing the asserted income tax lien of the United States against Ben H. Wofford upon said property belonging to the plaintiff. The defendant Anderson-Prichard Refining Corporation will be directed to free and release to the plaintiff all funds in its hands belonging to the plaintiff. Exceptions are allowed.

Findings of fact, conclusions of law and a form of judgment consistent with this opinion may be submitted within fifteen days from this date.