The bill of complaint is in form a bill to quiet title underR.S. 2:76-2 et seq. and contains the requisite statutory averments for maintenance of such a suit in this court. Beside averring that complainants are in peaceable possession of land in Bergen County, claiming to own the same, the bill charges that their title is denied and disputed by (among others) defendant United States of America as the result of a judgment *Page 67 
obtained by it against one of the grantors in the conveyance of title to complainants, more than a year prior to the date of such conveyance and that no suit is pending to enforce or test the validity of such judgment. Complainants pray that the United States may set forth its title, claim or encumbrance against the land and that the rights of the parties therein may be determined and fixed and the said defendant be decreed to have no interest in or encumbrance thereon.
The bill contains the further prayer that in the event it be determined that said defendant has any claim or encumbrance, the same be defined and the nature and extent thereof be established and upon tender of payment by complainants of the amount determined to be a lien or encumbrance upon said land, or defendant's refusal to accept the same upon tender of such amount into this court, the land be relieved and exonerated from any claim, lien or encumbrance of the defendant.
Motion is made on behalf of defendant to dismiss the bill as to it on the ground that the cause of action set out cannot be brought against it without its consent and which consent it has not given. Without stopping to consider whether such objection should not be made by plea or answer, I prefer to examine the real merits underlying the motion.
It is conceded that the United States cannot be joined in a suit of this nature without its consent but such consent is found in the provisions of Title 28 U.S.C.A., §§ 901-904, which apply to foreclosure suits and suits to quiet title. Jones v. TowerProduction Co., 138 Fed. Rep. 2d 675; Tower Production Co.
v. United States, 61 F. Supp. 411.
For the defendant it is conceded that if the relief sought by complainants was limited to establishing whether the United States has a lien on the land in question, and its nature, and what part of the land is affected, the action would lie under the consent statute even if the adjudication should be that the United States has no lien, but since the additional relief prayed for seeks to discharge the lien of the United States on terms, the consent statute does not apply because under its section 904 discharge of a lien of the United States can be effected only by a judicial sale. I cannot agree with *Page 68 
that contention because it seeks to make the consent contingent on procedural factors which are irrelevant here.
Section 901 of the federal statute provides that the consent is given "upon the conditions herein prescribed." Section 904 of that statute seems to be the only one which prescribes conditions on which the defendant relies and that section appears to apply mainly to foreclosure cases or to cases where a judicial sale is desired in aid of the relief sought and where the United States having a junior lien desires to satisfy a prior lien, or desires to foreclose its own lien.
Suits to quiet title are brought to settle the title and clear up all doubts and disputes concerning the same (R.S. 2:76-2). No judicial sale can be sought in such a suit and when no issue of law is requested to try the validity of a defendant's claim to the affected lands, this court is authorized to inquire into and determine the claim, interest and estate of the defendant according to the course and practice of the court. R.S.2:76-14.
It has been held that in a suit to quiet title where the effect of a judgment on complainant's title is involved and no proceedings are pending to enforce the judgment, the validity of such judgment as against such title may be determined (Monighoff v. Sayre, 41 N.J. Eq. 113; Alpern v. Behrenburg,77 N.J. Eq. 373; Dodge v. Jordan, 91 N.J. Eq. 42; Majewski v.Greenberg, 101 N.J. Eq. 134; Charette v. Fruchtman, 110 N.J. Eq. 256;Rutherford National Bank v. H.R. Bogle Co., 114 N.J. Eq. 571) and if valid its extent ascertained so that complainant may pay and discharge it. Alpern v. Behrenburg, supra; Dodge
v. Jordan, supra.
Here complainants seek to remove a cloud on their title which exists because of defendant's judgment which on the face of the bill appears to be a lien against a portion of complainants' title. No effort is being made by the United States to enforce its lien and complainants are powerless to remove that cloud except, perhaps, by paying the full face amount of the judgment. I do not know whether in this suit complainants desire to attack the validity or priority of defendant's judgment but I can conceive that if the judgment is valid and prior in point of time as against complainants' *Page 69 
title, they may not know whether the judgment has in fact been satisfied, or whether it remains wholly unpaid and therefore they seek a determination by this court in those respects and they tender themselves ready, if it be determined that the United States has a valid lien, to pay whatever amount the court adjudges is due on the judgment so that it may be discharged of record and no longer cloud their title. Our statute authorizes this court to determine according to its course and practice what interest the United States has by reason of its judgment in complainants' land and the course and practice of this court where it has jurisdiction of a cause is, in its discretion, to settle all matters of controversy arising therein within its powers (Hackensack Trust Co. v. Kelly, 120 N.J. Eq. 596;Italian-American Building and Loan Association v. Russo,132 N.J. Eq. 319) to the end that all controversial issues may be disposed of and unnecessary litigation prevented. This court has jurisdiction of proceedings to redeem lands from liens and it is not perceived how any interest of the United States under its judgment can be prejudiced if it should appear that complainants' prayer that its judgment be discharged upon payment to it of the amount found due thereon, should be granted.