**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2613-17T2

WILMINGTON SAVINGS
FUND SOCIETY, FSB, d/b/a
CHRISTIANA TRUST,
not individually but as trustee
for PRETIUM MORTGAGE
ACQUISITION TRUST,

     Plaintiff-Respondent,

v.

RAJIV VAISH a/k/a RAJIV K.
VAISH,

     Defendant-Appellant,

and

SANMATI VAISH, his wife;
SANMATI JAIN, STATE OF
NEW JERSEY, and UNITY BANK,

     Defendants.

_____

Submitted January 14, 2019 – Decided February 13, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-031856-16.

Rajiv Vaish, appellant pro se.

Shapiro & Denardo LLC, attorneys for respondent (Chandra M. Arkema, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Rajiv Vaish appeals from three Chancery Division orders: (1) a June 1, 2017 order granting summary judgment to plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust, and striking his answer; (2) a December 1, 2017 order overruling his objection to final judgment; and (3) a December 28, 2017 order, entering final judgment of foreclosure. We affirm.

We derive the following facts from the record. On May 16, 2003, defendant's wife, Sanmati Vaish,[1] executed a thirty-year note in the amount of $650,000 to America's Wholesale Lender (America's). To secure payment of the note, on the same date, Sanmati executed a purchase money mortgage to America's, encumbering residential property located in Warren. The mortgage

---

[1] Sanmati is not a party to this appeal. We refer to her by her first name to avoid any confusion caused by their common surname and intend no disrespect.

A-2613-17T2

was recorded in the Somerset County Clerk's Office on May 23, 2003. On the same date, the deed to the property was recorded in the Somerset County Clerk's Office, showing that both Sanmati and defendant took title to the property despite the fact that defendant had not executed either the note or the mortgage.

After a series of assignments, all of which were duly recorded, the mortgage was ultimately assigned to plaintiff on July 15, 2016, and the assignment was recorded on October 18, 2016.[2] Sanmati defaulted on the loan by failing to make the June 1, 2010 payment or any payments thereafter. Over thirty days after Sanmati was sent a Notice of Intent to Foreclose (NOI), plaintiff filed a two-count foreclosure complaint against Sanmati and defendant[3] on November 29, 2016. On December 30, 2016, defendant filed a contesting answer containing numerous affirmative defenses, including challenging

---

[2] Specifically, a June 15, 2006 assignment to the Bank of New York as Trustee under the Pooling and Servicing Agreement Series 2003-14 was recorded on June 26, 2006; a March 27, 2015 assignment to NRZ Mortgage Holdings LLC was recorded on April 8, 2015; and a March 27, 2015 assignment to New Residential Mortgage Loan Trust 2014-1, U.S. Bank National Association, as Indenture Trustee was recorded on April 8, 2016. Additionally, an August 3, 2016 corrective assignment to NRZ Mortgage was recorded on October 18, 2016, to replace the April 8, 2015 recordation of the assignment.

[3] The complaint also named other defendants believed to be holders of an interest subordinate to plaintiff's mortgage lien.

A-2613-17T2

plaintiff's "standing," asserting that the claim was "barred by the [s]tatute of [l]imitations," and alleging that the "[s]ubject property was deeded to [d]efendant subsequent to May 16, 2003[,]" and "[d]efendant did not [m]ortgage his interest in the property."[4]

On February 10, 2017, plaintiff filed an amended complaint, adding a third count for foreclosure based on an equitable mortgage. In count three of the complaint, plaintiff alleged that although the "[o]riginal [m]ortgagee had a [n]ote and [m]ortgage drawn in accordance with the agreement of the parties[,]" the "[o]riginal [m]ortgagee inadvertently failed to include [defendant] as a named mortgagor" and, as a result, the "[m]ortgage and [n]ote were never executed by [defendant]." Nonetheless, plaintiff alleged defendant was "an intended mortgagor" and "has received the benefit of the loan transaction . . . since the proceeds . . . were utilized to purchase the premises to which [Sanmati and defendant] hold title" and defendant "had actual knowledge of the existence of [the] loan transaction." Defendant filed an amended contesting answer.

On April 27, 2017, plaintiff moved for summary judgment, or an order striking defendant's answer, entering default, and transferring the case to the Office of Foreclosure to proceed as an uncontested matter under Rule 4:64-9.

---

[4] Sanmati did not file an answer.

Defendant filed no opposition to the motion. To support its motion, plaintiff submitted a certification by Lucy Babik, the Contested Foreclosure Specialist of Selene Finance, LP (Selene), plaintiff's servicing agent. Babik certified that "[i]n the regular performance of [her] job functions," she was "familiar with [the] business records maintained by the company." According to Babik, these records were "made at or near the time . . . , or from information provided by[] persons with knowledge of the activity and transactions reflected in such records, and [were] kept in the course of business activity conducted regularly by the company." Further, Babik averred that she "acquired personal knowledge" of the matters contained in her certification "by examining the business records relating to the subject mortgage loan." She annexed "printouts" and copies of the pertinent "documents" to her certification, including the note, mortgage, assignment of mortgage, and NOI.

Additionally, Babik certified that "[p]laintiff ha[d] been in possession of the [p]romissory [n]ote since prior to the filing of the foreclosure complaint and remain[ed] in possession" to date. She also stated that "[b]y [a]ssignment of [m]ortgage recorded October 18, 2016, the [m]ortgage was assigned to [plaintiff]," prior to the filing of the complaint. She averred further that Sanmati defaulted on the loan by "fail[ing] to make the June 1, 2010 payment[,] . . . the

loan remain[ed] in default[,]" and a compliant NOI "was mailed to [Sanmati] . . . at least thirty days before the filing of the [c]omplaint for foreclosure." Plaintiff's counsel also submitted a supporting certification, providing a true copy of the deed whereby Sanmati and defendant took title to the subject property on May 15, 2003.

In a June 1, 2017 order and written decision, Judge Margaret Goodzeit granted plaintiff's motion in its entirety. The judge found the mortgage executed by Sanmati "equitably enforced against [defendant] and/or reformed as if [defendant] had executed the document creating an equitable lien upon the property[,] and foreclosing all of [his] right, title[,] and interest in the mortgaged premises." The judge granted plaintiff summary judgment, struck defendant's answer, entered default against defendant and Sanmati, and "permitted [plaintiff] to proceed uncontested before the . . . Office of Foreclosure, for entry of [f]inal [j]udgment per [Rule] 4:64."

In adjudicating the motion, the judge considered the pleadings and the submissions, including the certifications submitted in support of plaintiff's summary judgment motion. As to the Babik certification, the judge concluded that the "certification complie[d] with [Rule] 1:6-6 as it [was] based on the affiant's personal knowledge, after personally reviewing the relevant business

records in addition to personally reviewing the documents attached to the certification." Further, the judge determined that the certification complied "with the business records exception to the hearsay rule[,] [Rule] 803(c)(6)[,]" inasmuch as the affiant "established that she reviewed the business records maintained by the mortgage company in [the] regular course of business, including various transactional documents prepared by the lender." Thus, the judge found the certification complied with Rule 4:64-2(c)(2), which specifies the proofs required in an affidavit submitted in support of a mortgage foreclosure application.

Turning to the merits, first, the judge addressed the principles applicable to an equitable mortgage and explained that "[a]n equitable mortgage may be created by a court when the defect is either formal, such as a lack of notary acknowledgement, or substantial, such as when a real owner in title to the property did not execute the mortgage." See 29 N.J.Practice, Law of Mortgages § 9.3 (Myron C. Weinstein) (2d ed. 2001). The judge acknowledged that "[a] court must not look to the form of the mortgage, but whether it was the intent of the parties to create a mortgage." See Manfredi v. Manfredi, 12 N.J. Super. 207, 211 (Ch. Div. 1951). According to the judge, "[e]xpress words are not required for a court to create an equitable mortgage." See J.W. Pierson Co. v. Freeman,

113 N.J. Eq. 268, 270-71 (E. & A. 1933). Rather, "[w]here a mortgage does not involve a transfer of title, an equitable mortgage is created if: (1) there is an intent to give property as security for satisfaction of a current obligation; and (2) the property is adequately described to the exclusion of all other real estate." See Manfredi, 12 N.J. Super. at 211; see also Rutherford Nat'l Bank v. H.R. Bogle & Co., 114 N.J. Eq. 571, 579 (Ch. Div. 1933).

The judge reasoned:

> Here, [defendant] is the record owner of the mortgaged premise[s] as evidenced by the [d]eed, executed on May 15, 2003. . . . On May 16, 2003, Sanmati . . . executed the [n]ote, which was secured by a purchase money [m]ortgage of even date. Plaintiff indicates that it was the parties' intent to include [defendant] as a signing party to the subject [m]ortgage, but for some unknown error and/or unintended omission, [defendant] was excluded from the [m]ortgage document. Plaintiff indicates that [defendant] was only able to obtain possessory interest to the subject property by way of plaintiff's [d]eed, [n]ote, and [m]ortgage. Plaintiff further indicates that permitting [defendant] to retain [the] benefit of the subject property without subordinating his interest to the [m]ortgage would unjustly enrich [defendant] at the expense of plaintiff. The [c]ourt is convinced that [defendant] would not have possessory interest in the property by way of the May 2003 [d]eed, but for the purchase money [m]ortgage and [n]ote. As such, it was the intent of the parties to include [defendant] on the [m]ortgage. The plaintiff would be deprived of its equitable remedy to enforce the [n]ote against both defendants on the deed, unless [defendant] is added as

8

[a] borrower on the [m]ortgage. The [c]ourt further notes that defendants have failed to oppose this request. Thus, plaintiff's application to include [defendant] to the 2003 [m]ortgage based on equity is hereby granted.

Next, the judge laid out the material issues in the case, Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 545 (App. Div. 1994) ("[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises"); the prima facie elements of a foreclosure case, Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952) ("[when] the execution, recording, and non-payment of the mortgage [were established], a prima facie right to foreclosure was made out"); and the standing requirements, Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) ("either possession of the note or an assignment of the mortgage that predated the original complaint conferred standing") (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).

Based on the proofs, the judge concluded that plaintiff made "the requisite showing," defendant submitted no "competent proofs indicating that the facts [were] not as [plaintiff] assert[ed,]" and, pursuant to Rule 4:46-2(c), "there [were] no genuine issue[s] of material fact as to the matter[s] challenged" that

9

precluded granting plaintiff summary judgment. Specifically, as to plaintiff's standing, the judge found that plaintiff "provided a copy of the subject [n]ote, which [was] [e]ndorsed in blank and in the possession of the plaintiff" prior to the filing of the foreclosure complaint. According to the judge,

> [i]f the [n]ote is endorsed in blank, an effective physical transfer of the note confers authority to enforce because "a nonholder in possession of the instrument who has the rights of a holder" may enforce an instrument. See [N.J.S.A.] 12A:3-301 and [N.J.S.A.] 12A:3-203(a).
>
> . . . .
>
> Here, . . . . [p]laintiff's possession of the original [n]ote by itself renders the plaintiff at the very least a "nonholder in possession with the rights of a holder" . . . . Further, plaintiff was assigned the [m]ortgage by [a]ssignment of [m]ortgage executed July 15, 2016[,] and recorded October 18, 2016, prior to the November 29, 2016 filing of plaintiff's [c]omplaint. . . . The [c]ourt notes that any break in chain of title was cured by the [c]orrective [a]ssignment of [m]ortgage, executed on August 3, 2016. . . . As such, plaintiff is the "record holder of the mortgage as established by the latest record of assignment" and has standing to foreclose pursuant to [N.J.S.A.] 46:18-13 and [N.J.S.A.] 12A:3-203(b). Accordingly, plaintiff has sufficient standing to prosecute this foreclosure action.

As to plaintiff's demonstration of a prima facie right to foreclose, the judge explained:

> [P]laintiff has produced proof that the [m]ortgage was recorded. . . . [D]efendant . . . is added to the

10

[m]ortgage as borrower based on equity. The [n]ote and [m]ortgage appear to be validly executed, the defendants defaulted on their obligations under the [m]ortgage and [n]ote, and the [m]ortgage explicitly asserts plaintiff's right to the mortgaged premises. . . . Thus, plaintiff has established the three required elements: the execution of a [m]ortgage, the proper recording of said [m]ortgage, and indebtedness. The defendant does not raise any genuine issues of material fact concerning the three required elements. Thus, plaintiff has established a [prima facie] right to foreclose.

Turning to defendant's answer, the judge noted that "[u]nder [Rule] 4:64-1(c)(2), an answer to a foreclosure complaint is deemed to be uncontesting if none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage . . . being foreclosed or create an issue with respect to plaintiff's right to foreclose it." According to the judge, Rule 4:46-5(a) provides that when a motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the pleading, but must respond by affidavits . . . , setting forth specific facts showing that there is a genuine issue for trial." However, here, defendant "filed an [a]nswer which denie[d] each allegation of the [c]omplaint" but "[n]o supporting facts [were] provided."

The judge continued,

[f]urther, the defendant has attempted to defend against foreclosure by asserting twenty (20) separate affirmative defenses, all of which are threadbare

11

recitations of defenses which may be applicable in a foreclosure action. However, not one of these affirmative defenses [is] supported by any specific factual basis, nor is there any indication how they are applicable to the case at bar. . . . The [c]ourt also notes that the instant foreclosure is within the statute of limitations under [N.J.S.A.] 2A:50-56.1(c), since the [c]omplaint was filed within twenty years from the date on which the debtor defaulted.[5]

Moreover, the defendant has not opposed the instant motion, and thus has not provided a certification nor a scintilla of evidence in support of his claims. . . . [I]t is clear that defendant's [a]nswer fails to state any defenses that may be maintained against plaintiff.

Thereafter, plaintiff moved for final judgment, supported by a "proof of amount due affidavit and schedule" prepared by Evan Shafer, a foreclosure team leader for Selene. Defendant objected, certifying that "[p]laintiff misstated" the amount due and "failed to produce the [supporting] business records[.]" In a December 1, 2017 order and written decision, Judge Goodzeit "overruled" defendant's objection and "returned [the matter] to the Office of Foreclosure" for "the entry of final judgment."

---

[5] See also Security Nat. Partners Ltd. v. Mahler, 336 N.J. Super. 101, 108 (App. Div. 2000) (addressing the question of whether a six-year or twenty-year statute of limitations applied to mortgage foreclosure actions and holding that "[t]here is a twenty[-]year limitation period governing institution of a mortgage foreclosure suit.").

Distinguishing <u>Bank v. Kim</u>, 361 N.J. Super. 331, 341-42 (App. Div. 2003), the judge rejected defendant's claim that plaintiff was required to produce the supporting business records. According to the judge,

> those business records are required to be produced if the [c]ourt finds that the filed proofs raise facial questions as to the amount due. <u>Kim</u> involved an amended judgment in which the second filed proof of amount due substantially deviated from the proof of amount filed a year before. 361 [N.J. Super.] at 341. This case presents no clear facial question and defendant has offered no evidence or argument to raise such doubt. Accordingly, plaintiff was not required to produce the business records relied upon in its certification. Finally, as to any boilerplate argument raised in defendant's brief, plaintiff's certification does identify the affiant's position and explains the source of his knowledge. Accordingly, defendant's challenge to the certification on those grounds is meritless.

On December 28, 2017, final judgment for foreclosure was entered, and this appeal followed.

On appeal, defendant argues the judge erred in granting plaintiff summary judgment and overruling his objection to the entry of final judgment. Specifically, defendant asserts the judge incorrectly applied a twenty-year, rather than a six-year, statute of limitations; erroneously concluded that plaintiff had standing to file the foreclosure action when there was "a broken chain of title[;]" and erred in concluding that the Babik certification submitted in support

13

of summary judgment and the Shafer affidavit submitted in support of final judgment were compliant. We disagree.

We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). "Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299 (App. Div. 2009) (citing R. 4:46-2(c)). In reviewing summary judgment motions, we "view the 'evidential materials . . . in the light most favorable to the non-moving party[.]'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (first alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). However, "an adverse party may not rest upon the mere allegations or denials of the pleading . . . [to show] that there is a genuine issue for trial." R. 4:46-5(a).

Further, it is "well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" Cortez, 435 N.J. Super. at 606 (alteration in original) (quoting Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)). Additionally, all sufficiently supported material facts will be deemed

14

admitted for purposes of the motion unless "specifically disputed" by the party opposing the motion. R. 4:46-2(b). In uncontested mortgage foreclosure cases, "[t]he application for entry of judgment shall be accompanied by proofs as required by [Rule] 4:64-2." R. 4:64-1(d)(1). Under Rule 4:64-2(a), the proofs "may be submitted by affidavit, unless the court otherwise requires."

Rule 4:64-2(b) specifically delineates the required contents of the "affidavit of amount due" filed by plaintiff in support of the entry of final judgment, which affidavit "may be supported by computer-generated entries." Rule 4:64-2(c) requires the affiant to certify "that he or she is authorized to make the affidavit on behalf of the plaintiff or the plaintiff's mortgage loan servicer;" "that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business;" "that the financial information contained in the affidavit is accurate;" and "that the default remains uncured." Any objections to the amount due must state "with specificity the basis of the dispute[.]" R. 4:64-1(d)(3). See also Mony Life Ins. Co. v. Paramus Parkway Bldg., Ltd., 364 N.J. Super. 92, 106 (App. Div. 2003) (concluding that no hearing was warranted where defendant failed to offer conflicting proof or establish a contested fact to be resolved).

A-2613-17T2

After careful review of the record, we find no merit to any of defendant's arguments and affirm substantially for the reasons set forth by Judge Goodzeit in her comprehensive and well-reasoned written decisions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16                                                        A-2613-17T2